■ In the Matter of AGNES SCHIBANOFF et al., Appellants, v WILLIAM C. HENNESSY, as Commissioner of the New York State Department of Transportation, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered August 10, 1981 in Albany County, which dismissed petitioners' application in a proceeding pursuant to CPLR article 78, seeking a judgment declaring that an award of interest by the Court of Claims in a claim for damages for the appropriation of property was unfair and constitutionally impermissible. The Department of Transportation appropriated land, including that of petitioners, for the expansion of Stewart Airport. After claims were filed, respondents made an offer in settlement of the claims for just compensation. While some of the appropriatees accepted the State's offer, petitioners did not and litigated the claims. The subsequent awards were not satisfactory to petitioners and an appeal was taken to the Appellate Division, Second Department, where they were affirmed (*Schibanoff v State of New York,* 77 AD2d 821). Petitioners did not take issue with the Court of Claims determination of interest on that appeal. It is alleged by petitioners that they learned subsequent to the determination of the Appellate Division that the appropriatees who accepted the State's offer of settlement as their just compensation were paid interest on the amount offered to the property owners for a period of six months following the date of the offer. The instant article 78 proceeding was brought by petitioners seeking interest from the title vesting date and running for six months from the date of the State's offer in settlement, in each case less the amount of interest already paid. Special Term dismissed the petition on the ground that the proceeding was barred by the principles of *res judicata.* This appeal ensued. We have examined the various arguments advanced by petitioners in support of their assertion that the doctrine of *res judicata* should not bar this proceeding and find them unpersuasive. The record demonstrates that we are here concerned with only the question of interest whereas the previous action obviously involved a larger claim including interest on the recovery (see *City of Buffalo v Clement Co.,* 28 NY2d 241, 266). Where claims are based on the same foundation facts, differences in legal theory will generally not permit relitigation (*Hyman v Hillelson,* 79 AD2d 725, 726, affd 55 NY2d 624). The court did, in fact, award interest but not the precise interest petitioners now seek. It is significant that petitioners did not take issue with the interest as awarded. Petitioners should not now be permitted to use hindsight to contest a determination that they consented to in the agreement for advance payment and that was authorized in the applicable regulation (17 NYCRR 100.1). Since petitioners had a previous opportunity to contest the interest determination and failed to do so, Special Term properly determined that the *res judicata* doctrine applied (*Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307). There should be an affirmance. Judgment affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.