■ SOPHIE BERNARDO et al., Respondents, v AYEREST LABORATORIES, DIVISION OF AMERICAN HOME PRODUCTS, Defendant, and EDWARD J. WRIGHT, JR., et al., Appellants. — Order, Supreme Court, New York County (W. Denis Donovan, J.), entered April 28, 1983, which denied the motion by defendant Wright and the cross motion by defendant De Luca, both seeking, *inter alia,* summary judgment dismissing the complaint as barred by the Statute of Limitations, unanimously reversed, on the law, without costs, and motions for summary judgment granted. On February 6, 1978, plaintiff Sophie Bernardo instituted this action to recover for injuries suffered as a result of her ingestion of the drug Premarin, allegedly prescribed to her by defendant physicians Wright and De Luca. She first consulted Dr. Wright, an obstetrician-gynecologist, in October, 1967. In March, 1968, he performed a hysterectomy and on July 10, 1969 prescribed Premarin. She next returned to him on October 23, 1970 complaining of back problems. Dr. Wright did not renew her prescription for Premarin, and she never saw him again. Plaintiff consulted Dr. De Luca, another gynecologist, on March 1, 1974, upon the recommendation of her family physician, because of some incontinence. He operated on her in April, 1974 to correct this condition. She made postoperative visits to him on May 1, 1974 and May 27, 1974 and was supposed to visit him again six months later. She made a visit on August 23, 1974, complaining of vaginitis, but this was the last time Dr. De Luca saw her. According to Mrs. Bernardo, she took Premarin

from July, 1969, when it was prescribed by Dr. Wright, until August, 1975, when she was hospitalized for another condition and advised to discontinue it. She had continued to refill the original prescription at a local pharmacy for those six years. When she visited Dr. De Luca, she told him that she had been taking Premarin, and he told her to continue and gave her his own prescription for that drug. She never used it, but continued to refill the original prescription given her by Dr. Wright. Dr. De Luca denied giving plaintiff a prescription for Premarin and Dr. Wright stated that his prescription was not unlimited but should have required renewal every six months. Plaintiff commenced her action on February 6, 1978. Dr. Wright prescribed Premarin on July 10, 1969, and his last contact with her was on October 23, 1970. Dr. De Luca allegedly advised her on March 1, 1974 to continue the Premarin, and his last contact with her was on August 23, 1974. Thus, plaintiff last saw Dr. Wright approximately seven and one-half years before she commenced her action against him and last saw Dr. De Luca three and one-half years before she commenced her action against him. Both were well without the three-year Statute of Limitations then in effect, unless tolled by the "continuous treatment" doctrine (*Borgia v City of New York,* 12 NY2d 151). Special Term denied summary judgment on the basis that questions of fact existed as to the last date of treatment by both defendants, because of plaintiff's contentions that she took Premarin continuously from July, 1969 to August, 1975 under the initial prescription by Dr. Wright and that Dr. De Luca in 1974 told her to continue the medication. However, the record here shows clearly that plaintiff treated herself for a number of years. Her contentions amount to a claim that the dispensing of a prescription continues a physician's services and course of treatment in perpetuity without further consultation and with no other evidence than her own self-serving statement that she continued to fill the same prescription for a period well beyond the statutory period of limitation. The rationale behind the continuous treatment doctrine, that "It would be absurd to require a wronged patient to interrupt corrective efforts by serving a summons on the physician" (*Borgia v City of New York,* 12 NY2d 151, 156, *supra*) has no application to a situation in which the patient undertakes self-treatment by continuing use of a drug prescribed many years before, long after she has discontinued treatment by the prescribing doctor. Concur — Kupferman, J. P., Sullivan, Ross, Bloom and Alexander, JJ.