■ MARILYN BIKOWICZ et al., Appellants, v NEDCO PHARMACY, INC., et al., Defendants, and ELEONORE HINSE, Respondent.—Weiss, J. Appeal from an order and judgment of the Supreme Court at Special Term (Cobb, J.), entered October 19, 1984 in Schenectady County, which, *inter alia,* granted defendant Eleonore Hinse's motion for summary judgment dismissing the amended complaint against her.

On or about April 17, 1968, defendant Dr. Eleonore Hinse commenced treating plaintiff Marilyn Bikowicz (hereinafter plaintiff) for migraine headaches by prescribing injections of Talwin. Subsequently, a drug called Dramamine was added to the continuing therapy. On February 14, 1973, Hinse gave plaintiff a prescription for four ampoules of both Talwin and Dramamine, together with an order for 10 disposable syringes. It is conceded that the purpose was to enable plaintiff's husband to administer the drugs in the event she suffered a migraine headache during a vacation in Florida. Plaintiff obtained many refills of the prescription from defendant George Ginsburg, who owned and operated defendant Nedco Pharmacy, Inc. Plaintiff was last treated by Hinse in September 1975 and has neither seen nor spoken to her since. Plaintiff continued to obtain refills of the prescription for the drugs from Ginsburg, who consulted with Hinse about dosage, until September 1977 when Ginsburg sold the business. Plaintiff continued to refill the prescription at Nedco Pharmacy until March 2, 1981 even though Talwin became a controlled substance in January 1978 *(see,* L 1978, ch 399), and alleges she became addicted to Talwin requiring extensive treatment and detoxification. This action by plaintiff and her husband was commenced in July 1981 and, following discovery, Special Term granted Hinse's motion for summary judgment dismissing the complaint as time barred against her and denied plaintiffs' cross motion to dismiss Hinse's affirmative defense based upon the Statute of Limitations. Plaintiffs have appealed and we affirm.

The alleged malpractice which consisted of prescribing Talwin occurred in 1973. Hinse's treatment of plaintiff terminated either on September 10, 1975, when direct consultations ended, or in September 1977, when Ginsburg last consulted Hinse. Therefore, the three-year Statute of Limitations for medical malpractice actions in effect at the time of the commission of the acts (CPLR 214) bars the action *(McDermott v*

*Torre,* 56 NY2d 399, 403) unless the statute was tolled under the continuous treatment principle *(see, Borgia v City of New York,* 12 NY2d 151, 155). However, the continuous treatment doctrine has no application where, as here, the patient undertakes self-treatment by continuing use of a drug prescribed many years before, long after she has discontinued treatment by the prescribing doctor *(Bernardo v Ayerest Labs.,* 99 AD2d 430, 431). Therefore, this action, commenced in July 1981, more than three years after she last saw or spoke to Hinse and last obtained a refill from Ginsburg, was properly dismissed as against Hinse.

We decline to accept plaintiff's next contention that Hinse was under a continuing duty to warn plaintiff of possible dangers from Talwin after the drug became a controlled substance in 1978. First, plaintiff was neither treated by nor had she communicated with Hinse since 1975, and Hinse had no reason to believe that plaintiff was still using the drug. Second, the danger posed was that emotionally unstable patients and those with a history of drug abuse could develop dependence upon the drug. There is no indication that plaintiff was either unstable or had a history of prior drug abuse.

Finally, we reject plaintiffs' argument that Hinse should be equitably estopped from asserting the Statute of Limitations defense. The case of *Simcuski v Saeli* (44 NY2d 442), upon which plaintiffs rely, requires a finding that the doctor fraudulently induced the patient to refrain from filing a timely action. It is only when a record contains the presence of facts evincing fraud or misrepresentation that a motion to dismiss because of the time bar will be denied *(Renda v Frazer,* 75 AD2d 490, 493). Since this record contains neither element, Hinse cannot be equitably estopped from asserting a defense predicated upon the Statute of Limitations.

Order and judgment affirmed, with costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.