■ ANTHONY M. DONALOIO et al., Appellants, v STATE OF NEW YORK, Respondent.—Weiss, J. Appeal from an order of the Court of Claims (Hanifin, J.), entered April 23, 1984, which denied claimants' motion for an upward modification of interest on a condemnation award.

The facts underlying this condemnation proceeding may be found in an earlier decision before this court, where we increased the award "to the sum of $193,000, with appropriate interest" (99 AD2d 335, 341, affd 64 NY2d 811; emphasis supplied). By notice of motion dated March 20, 1984, claimants sought, inter alia, a direction for computation of interest on the award pursuant to the prevailing market rate instead of the statutory rate of 6% per annum, which was effective through April 1, 1983.[1] In support of this request, claimants

1. State Finance Law § 16 previously provided a statutory rate of interest

submitted the affidavit of a bank representative calculating a prevailing composite interest rate of 10.88% from October 1977 through the first quarter of 1984. The motion was denied and a final judgment assessing the final award was entered May 16, 1984.[2]

On appeal, claimants essentially argue that the refusal to compute interest on the award at the prevailing market rate fails to satisfy the constitutional requirement of "just compensation" (see, US Const 5th Amend; NY Const, art I, § 7 [a]). We disagree. In *Adventurers Whitestone Corp. v City of New York* (65 NY2d 83, 85), the Court of Appeals recently clarified that interest on a condemnation award is "payable at the rate fixed by statute unless it is established *in the condemnation proceeding* that as compared to the prevailing market rate the statutory rate is unreasonable" (emphasis supplied). "[A] claimant * * * bearsthe burden of proving the constitutional insufficiency of the statutory rate", which is otherwise presumed to be reasonable (id., p 88; see also, *Matter of City of New York [Brookfield Refrig. Corp.—Zoloto]*, 58 NY2d 532, 538, n 2).

Here, as observed by the Court of Claims, claimants neither raised nor submitted any proof on the issue of interest rates during the trial on the claim. Since claimants failed to otherwise preserve the interest issue prior to appealing the judgment, the Court of Claims no longer had jurisdiction to alter its decree in any matter of substance (CPLR 4405; see, *Matter of City of New York [Washington St. Urban Renewal Project—Roteeco Corp.]*, 33 NY2d 970, 972; but see, *Marjax Enters. v Upstate Hiawatha Plaza Co.*, 62 AD2d 1159, 1160-1161). Nor was the issue preserved for review on appeal (*Tandoi v State of New York*, 87 AD2d 816, 817). Claimants' attempt to revive the issue through the instant motion cannot prevail. Although such motion is within the context of a single condemnation proceeding (cf. *Adventurers Whitestone Corp. v City of New York, supra* [involving a separate suit on the final decree]; *Matter of Schibanoff v Hennessy*, 90 AD2d 908, lv denied 58 NY2d 609), the fact remains that claimants failed to challenge

---

for claims against the State not to exceed 6% per annum. Effective April 1, 1983, the statutory rate was increased to 9% per annum (L 1982, ch 681, § 3). Claimants apparently have made no assertion that the 9% rate in effect after April 1, 1983 is insufficient.

2. Prejudgment interest runs from the time of the taking in October 1977 to the entry of the final judgment on May 16, 1984 (see, *Matter of City of New York [Chrystie St.]*, 264 NY 319, 323; cf. *Adventurers Whitestone Corp. v City of New York*, 65 NY2d 83, 88, n 5).

the propriety of the statutory rate at trial. To be remembered is that prejudgment constitutional interest constitutes part of the award *(Adventurers Whitestone Corp. v City of New York, supra,* p 87), entitlement to which must actually be established at trial. Contrary to claimants' suggestion, this court's determination to increase the award with "appropriate interest" does not equate to a direction to alter the substance of the award by authorizing the computation of interest at the prevailing market rate. Having failed to properly raise the issue, claimants may not now challenge the computation of interest at the statutory rate.

Order affirmed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.