■ LYNN PARROTT et al., Respondents, v JOSEPH RAND, Appellant.—In a medical malpractice action, the defendant appeals from so much of an order of the Supreme Court, Rockland County (Nicolai, J.), dated May 15, 1985, as denied his motion for summary judgment on the ground that the action was time barred by the applicable Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment is granted in its entirety, and the complaint is dismissed.

This medical malpractice action, commenced on April 7, 1983, derives from an alleged misdiagnosis of basal cell carcinoma on June 27, 1979, and, thus, would only be timely if the Statute of Limitations was tolled by the continuous treatment doctrine *(see,* CPLR 214-a). However, where as here, the patient is relying solely upon his continued use of a medication long after the last contact with the physician who prescribed it, we find the continuous treatment doctrine to be inapplicable *(see, Bikowicz v Nedco Pharmacy,* 114 AD2d 708, 709; *Bernardo v Ayerest Labs.,* 99 AD2d 430, 431). Thus, Special Term erred when it denied the defendant's motion for summary judgment on the ground that questions of fact existed as to the last date of treatment. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.