■ LELAND J. HOCH, Respondent, v RAYMOND PALOGER, Appellant.—In an action to recover damages for dental malpractice, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered September 14, 1988, which granted the plaintiff's motion to strike the affirmative defense of the Statute of Limitations and denied that branch of his cross motion which was for partial summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion to strike is denied, and the cross motion for partial summary judgment is granted.

Contrary to the plaintiff's contentions, the dental services provided by the defendant, over a period of approximately 18 years, did not constitute continuous treatment for purposes of tolling the Statute of Limitations until the date of their last consultation *(see, Wehle v Giovanniello,* 137 AD2d 680; *Ciciless v Lane,* 129 AD2d 759; *Landau v Salzman,* 129 AD2d 774). Nor has the plaintiff set forth a sufficient foundation to support the invocation of the doctrine of equitable estoppel so as to preclude the defendant from asserting a Statute of Limitations defense *(see, Simcuski v Saeli,* 44 NY2d 442; *Bikowicz v Nedco Pharmacy,* 114 AD2d 708; *Renda v Frazer,* 75 AD2d 490; *see also, Rizk v Cohen,* 73 NY2d 98). Accordingly, the defendant is entitled to partial summary judgment dismissing, as time barred, all claims predicated upon alleged acts of dental malpractice which occurred prior to May 4, 1984 *(see,* CPLR 214-a).

We further note that no decision was made with respect to that branch of the defendant's cross motion which sought

attorney's fees and related expenses. Accordingly, the matter technically remains pending and undecided *(see, Katz v Katz, 68 AD2d 536, 543)*. It has, however, "long been the universal rule in this country [with few exceptions not applicable here] not to allow a litigant to recover damages for the amounts expended in the successful prosecution or defense of its rights" *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21-22). Thus, an award of such fees to the defendant is inappropriate. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.