■ JANE DOE, Appellant, v STATE OF NEW YORK, Respondent. [634 NYS2d 57] —Order, Court of Claims, New York County (Gerard Weisberg, J.), entered July 20, 1993, which denied claimant's motion for an order permitting her to file a late claim in accordance with Court of Claims Act § 10 (5) and (6), unanimously affirmed, without costs.

In her motion to file a late notice of claim pursuant to Court of Claims Act § 10 (5), which permits a claimant under a legal disability to file a claim within two years after the disability is removed, plaintiff asserted that the notice of claim was not made within the statutory 90 day period because she was under a mental disability from the time her causes of action accrued until the present. After an evidentiary hearing held to determine plaintiff's mental status during the 90 day period, the Court of Claims found that even if plaintiff was mentally disabled upon her discharge, by the summer of 1990 she was no longer disabled within the meaning of section 10 (5), since by that time she had been able to meet with an attorney, assist in the preparation of the claim and had gotten a job. Inasmuch as section 10 (5) is strictly applied (*see, McCarthy v Volkswagen of Am.*, 55 NY2d 543), and even post-traumatic stress disorder is insufficient to support its application *(supra),* we agree that

claimant's failure to present her claim by filing it with the clerk of the court and serving the Attorney-General (Court of Claims Act § 11 [a]) by August 1992 resulted in failure to obtain subject matter jurisdiction over defendant, which may not be waived (*Finnerty v New York State Thruway Auth.*, 75 NY2d 721). Relief pursuant to section 10 (5) was therefore correctly denied.

The court also properly denied relief pursuant to section 10 (6), which permits late filing of a claim in the court's discretion, since the plaintiff's causes of action were time barred (*see, Berger v State of New York*, 171 AD2d 713, 716; *Muscat v State of New York*, 103 Misc 2d 589) and the claims sounding in medical malpractice and negligence were also not legally viable (*Prusack v State of New York*, 117 AD2d 729).

The unpublished Decision and Order of this Court entered herein on November 2, 1995 is hereby recalled and vacated. Concur—Rosenberger, J. P., Rubin, Asch, Williams and Mazzarelli, JJ.