■ LEON WILLIAMS, Appellant, v STATE OF NEW YORK, Respondent. [652 NYS2d 397] —Mikoll, J. Appeal from an order of the Court of Claims (Hanifin, J.), entered August 10, 1995, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

The issue here is whether the Court of Claims properly denied the filing of a late notice of claim against defendant as barred by the applicable Statute of Limitations.

The claim in issue is based on claimant's wrongful arrest in August 1991 pursuant to a New York warrant charging a "Leon Williams" with the sale of narcotics. Claimant was arrested, extradited to New York and detained there until April 10, 1992. It is conceded that claimant was not the person sought. His misidentification was the result of errors made by the State Police in the compilation of a warrant file and from which information was disseminated to Alabama authorities resulting in claimant's arrest on the New York warrant. On July 8, 1992, claimant filed a notice of intention to file a claim against the State and the State Police for false arrest, unlawful detainer, negligence and intentional infliction of abuse. On April 8, 1993, he commenced an action under 42 USC § 1983 in the US District Court for the Southern District of New York against 17 entities and individuals associated with his arrest and detention, which action was ultimately dismissed.

The instant motion was made on April 12, 1995, some three years after the notice of claim was filed in New York, seeking permission from the Court of Claims to file a late notice of claim incorporating two causes of action: one for a violation of his constitutional rights under both Federal and State Constitutions and the second for negligence. The motion was denied by the Court of Claims on the ground that the court had no jurisdiction to hear claims for constitutional violations under either the Federal or State Constitutions, and on the further ground that the negligence cause of action was barred by the Statute of Limitations.

Under Court of Claims Act § 10 (3), a claim against the State for negligence must be filed within two years of accrual. Court of Claims Act § 10 (6) permits the late filing of a claim but only if the application is made within the applicable Statute of Limitations period. Claimant's cause of action was clearly time barred when he made his motion to file a late claim (*see, Doe v State of New York*, 221 AD2d 218; *Marine Midland Bank v State of New York*, 195 AD2d 871, *lv denied* 82 NY2d 661).

We also reject claimant's contention, first raised on appeal, that CPLR 203 (b) extends his time for bringing his negligence cause of action. Claimant contends that the Federal lawsuit serves as the underpinning to implicate CPLR 203 (b) in that the instant claim relates back to the commencement of the Federal action, and thus his right to commence the negligence action is not barred by CPLR 214. The argument was not raised before the Court of Claims and thus has not been preserved for our review (*see, Trendell v State of New York*, 214 AD2d 887; *Donaloio v State of New York*, 115 AD2d 134, *appeal dismissed* 67 NY2d 602, 675). Even were we to consider this argument on the merits, we would hold that claimant may not rely on the Federal action to extend the statutory period to commence his negligence action. CPLR 203 (b) allows the joinder of a party to a pending action after the expiration of the Statute of Limitations where the party to be joined is united in interest with the other parties and would not be prejudiced by being belatedly brought into the action. Inasmuch as the Federal action is a separate lawsuit in a different jurisdiction involving different causes of action, claimant may not rely upon it for the purpose of relating back his negligence claim pursuant to CPLR 203 (b).

Claimant did not challenge in his brief the dismissal of his cause of action alleging constitutional violations. He also did not raise the question at oral argument. Claimant's belated attempts to resurrect this issue based upon the Court of Appeals'

decision of *Brown v State of New York* (89 NY2d 172) is rejected. Issues not raised on appeal are deemed abandoned (*see, State of New York v Town of Oppenheim,* 184 AD2d 900, 901). This forecloses our consideration of the matter.

Cardona, P. J., White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.