■ LESLIE J. SELKIRK, Formerly Known as LESLIE NAPIERKOWSKI, et al., Appellants, v STATE OF NEW YORK, Respondent. [671 NYS2d 824] —White J. Appeal from an order of the Court of Claims (McNamara, J.), entered January 31, 1997, which granted the State's motion for summary judgment dismissing the claim.

Sometime in 1983, the former husband of claimant Leslie J. Selkirk (hereinafter claimant) filed a State income tax return for the 1982 tax year on which he forged claimant's signature and apparently failed to include full payment of the tax. As a consequence, the Department of Taxation and Finance served a notice and demand for payment of $2,658.29 upon claimant. Her failure to honor the demand caused the Department on June 28, 1984 and November 25, 1987 to file warrants against claimant in the Albany County Clerk's office. Thereafter, on September 21, 1993 the Department issued a tax compliance levy against claimant's bank account and took steps to garnishee her wages. This activity induced claimant to pay the tax, which with interest and penalties had increased substantially. In September 1995, claimant filed an amended return and the Department made a partial refund to her.

On March 18, 1996, claimants served a notice of intention to

file a claim, together with a claim for damages alleging that the State defamed claimant's credit and financial reputation, wrongfully seized her assets and violated her rights under 42 USC § 1983. Following service of its answer, the State moved for summary judgment dismissing the claim on the ground that it was not filed in a timely manner and was barred by the Statute of Limitations. The Court of Claims granted the motion, prompting this appeal.*

The Court of Claims does not obtain jurisdiction to adjudicate a claim unless the claimant timely files a claim or a notice of intention to file a claim (*see, Mallory v State of New York*, 196 AD2d 925). Insofar as intentional torts are concerned, the filing must occur within 90 days of the accrual of the claim (Court of Claims Act § 10 [3-b]). Manifestly, claimants' filings on March 18, 1996 were untimely since the latest date their defamation claim accrued was September 21, 1993 (*see, Pravada v County of Saratoga*, 224 AD2d 764, 766, *lv denied* 88 NY2d 809; *Bassim v Hassett*, 184 AD2d 908, 910), while their claim for wrongful seizure of assets (conversion) accrued, at the latest, on April 15, 1994 (*see, Matter of White v City of Mount Vernon*, 221 AD2d 345).

To save their claim, claimants ask us to invoke the "continuing violation" doctrine which is usually employed where there is a series of continuing wrongs and serves to toll the running of a period of limitations to the date of the commission of the last wrongful act (*see, Neufeld v Neufeld*, 910 F Supp 977, 982). Claimants maintain that this doctrine should be invoked here because they have continued to suffer damages from the date of the State's wrongful acts. This argument does not support the application of the doctrine since it may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct (*see, Day v Moscow*, 769 F Supp 472, 477, *affd* 955 F2d 807, *cert denied* 506 US 821).

Claimants further urge us to preserve their claim by applying the doctrine of estoppel to bar the State from raising the timeliness issue. We decline to do so since claimants have not shown that they were induced by the State's fraud, misrepresentations or deception to refrain from filing a timely claim (*see, Contento v Cortland Mem. Hosp.*, 237 AD2d 725, *lv denied* 90 NY2d 802; *Teneriello v Travelers Cos.*, 226 AD2d 1137, *lvs denied* 89 NY2d 801).

Lastly, we have not considered claimants' request for relief

---

* Claimants have not challenged the dismissal of their 42 USC § 1983 claim in their brief; thus we deem it abandoned (*see, Williams v State of New York*, 235 AD2d 776, 777, *lv denied* 90 NY2d 806).

under Court of Claims Act § 10 (6) because such a request must first be made to the Court of Claims (*see, Matter of Barresi v State of New York*, 232 AD2d 962, 964).

Cardona, P. J., Mikoll, Mercure and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.