■ James A. Carter, Jr., Appellant, v State of New York et al., Respondents. [727 NYS2d 520] —Carpinello, J. Appeal from an order of the Court of Claims (Silverman, J.), entered September 16, 1999, which granted defendants' motion to dismiss the claim for lack of jurisdiction.

In this negligence action, claimant alleges that the pharmacy in the correctional facility where he is an inmate dispensed the wrong medication on August 28, 1998, a fact which he did not discover until September 10, 1998. Claimant further alleges that he deposited a notice of intention to file a claim in the facility mailbox on November 24, 1998. The notice was postmarked November 27, 1998 and received by the Attorney General on November 30, 1998. The Court of Claims thereafter granted defendants' motion to dismiss the claim based upon claimant's failure to serve the notice of intention within 90 days of the accrual of the claim. Claimant appeals.

The failure to serve a notice of intention on the Attorney General within 90 days of accrual of the claim is a jurisdictional defect and service is not complete until the notice is received by the Attorney General (*see, Mallory v State of New York*, 196 AD2d 925). Although the alleged medication error by the facility pharmacy constitutes an act of ordinary negligence and not medical malpractice (*compare, Playford v Phelps Mem. Hosp. Ctr.*, 254 AD2d 471, *lv denied* 93 NY2d 806, *with Angell v State of New York*, 278 AD2d 776), we conclude that the claim nevertheless accrued when the wrong medication was dispensed, namely, on August 28, 1998 (*cf., Bikowicz v Nedco Pharmacy*, 114 AD2d 708, *appeal dismissed* 68 NY2d 641). Accordingly, the notice of intention received by the Attorney General on November 30, 1998 was untimely.

Claimant argues that, pursuant to CPLR 214-c, the accrual date was deferred to September 10, 1998, when he discovered the error. CPLR 214-c, however, is applicable only to cases arising out of exposure to a toxic substance (*see, Blanco v American Tel. & Tel. Co.*, 90 NY2d 757, 767) and claimant does not

allege that the medication he ingested was toxic. Rather, his claim appears to be based upon alleged mental stress and anguish from taking the wrong medication and not any toxic effect of the medication itself. In the absence of any claim that he sustained personal injuries caused by the latent effects of his ingestion of toxic medication, CPLR 214-c is inapplicable (*see*, CPLR 214-c [2], [3]). Claimant's additional argument that the facility intentionally delayed in sending out his mail has no support in the record and, in any event, was not raised in the Court of Claims and, therefore, is unpreserved for our review (*see*, *Williams v State of New York*, 235 AD2d 776, 777, *lv denied* 90 NY2d 806). The Court of Claims correctly granted defendants' motion dismissing the claim and, therefore, the order is affirmed.

Mercure, J. P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.