■ WILLIE IVY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 106270.) [810 NYS2d 769]—

Appeal from an order of the Court of Claims (Renée Forgensi Minarik, J.), entered September 11, 2003 in a medical malpractice action. The order granted defendant's motion to dismiss the claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: The Court of Claims properly granted defendant's motion seeking dismissal of the claim because the claim

was not filed and served nor was a notice of intention to file a claim served upon the Attorney General within 90 days after the accrual of the claim as required by Court of Claims Act § 10 (3). Although claimant was entitled to apply for permission to file a late claim before the statute of limitations expired (*see* § 10 [6]), he did not do so. The failure to file and serve a claim or to serve a notice of intention to file a claim upon the Attorney General within the statutorily prescribed period "is a jurisdictional defect compelling the dismissal of the claim" (*Welch v State of New York*, 286 AD2d 496, 497-498 [2001]; *see Carter v State of New York*, 284 AD2d 810 [2001]; *Park v State of New York*, 226 AD2d 153 [1996]; *see generally Lyles v State of New York*, 3 NY3d 396, 400-401 [2004]). Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.