■ WILLIE SPIRLES, Appellant, v STATE OF NEW YORK, Respondent. [814 NYS2d 327]—

Lahtinen, J. Appeal from an order of the Court of Claims (Hard, J.), entered October 15, 2003, which granted defendant's motion to dismiss the claim.

While incarcerated at Upstate Correctional Facility in Franklin County, claimant filed a claim alleging medical malpractice based on the purported failure of the prison medical staff to have his injured hand x-rayed in a timely manner. Attached to the claim were several duly notarized affidavits, but there was no verification of the claim. Defendant thereafter interposed an answer, asserting the defense of lack of jurisdiction due to claimant's dereliction in verifying the claim. In response thereto, claimant served on defendant a verification which he alleged had been inadvertently omitted and had been sworn to on the same date as the aforementioned affidavits. However, in contrast to the affidavits, which contained actual notary stamps, the verification set forth the notary public information in what appeared to be claimant's handwriting. Upon subsequent motion by defendant, the Court of Claims dismissed the claim on the ground that it lacked the required verification. In so doing, the court specifically rejected claimant's explanation for the initial absence of the verification. This appeal by claimant ensued and we now affirm the dismissal of the claim on the ground that it failed to comply with Court of Claims Act § 11 (b).

Initially, because claimant's contention that defendant waived its objection to the lack of verification was never raised in the Court of Claims, it is unpreserved for our review (*see Carter v State of New York*, 284 AD2d 810, 811 [2001]; *Williams v State of New York*, 235 AD2d 776, 777 [1997], *lv denied* 90 NY2d 806 [1997]). Claimant's remaining assertion that his affidavit attesting to the authenticity of various exhibits annexed to his claim constituted an appropriate verification has been reviewed and found to be without merit (*see* CPLR 3020 [a]; Court of Claims Act § 11 [b]).

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.