*Bryant v. Broad. Music Inc., et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> > *Circuit Judges,*
> KATHERINE B. FORREST,*
> > *District Judge.*

---

Anne Bryant,

> *Plaintiff-Appellant*,

v.                                                                          17-1071

Broadcast Music Inc., Hasbro Inc.,
DBA Starwild Music Inc., DBA Wildstar
Music Inc.,

> *Defendants-Appellees,*

John Does, 2-10, Jane Does, 2-10,
ABC Corporations, 1-10, Thomas L Griffin, Jr.,

---

∗ Judge Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

1

**"Tom", William M. Dobishinski, "Bill",
Commisioner of Social Security Admnistration,**

*Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**        Anne Bryant, pro se, Stonypoint, NY.

**FOR BROADCAST MUSIC INC.:**      James C. Fitzpatrick, Hughes Hubbard & Reed LLP, New York, NY.

**FOR HASBRO INC.:**        Sandra A. Crawshaw-Sparks, Russell T. Gorkin, Evelyn Yue Pang, Proskauer Rose LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and Appellant's motion for reconsideration of the denial of her request for oral argument is **DENIED**.

Appellant Anne Bryant, pro se, appeals from the judgment of the District Court for the Southern District of New York dismissing her various tort and conspiracy claims against Broadcast Music Inc. ("BMI") and Hasbro. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Bryant, a composer, has registered musical works with BMI since the 1980s, with Hasbro serving as her publisher. Hasbro retained William Dobishinski, a lawyer, to register Bryant's works with BMI, collect her royalties, and distribute those royalties to her. Bryant's 2014 suit alleges that due to a clerical error by BMI in recording her Social Security Number ("SSN"), none of her income was properly recorded or credited to her account between 1985 and 1992. She further alleges that beginning in 1990, many of her works were misattributed to other composers, that in 1989 Dobishinski forged a power of attorney form by which he withheld a large share of her royalties, and that as a result of the failure to credit her royalties to her SSN, she lost track of her finances and was unable to uncover the various frauds until 2013.

Bryant alleges negligence and fraudulent concealment by BMI based on its failure to correct her SSN and its misattribution of her work; fraud against Hasbro for the lost royalties from

2

1985 to 1992, and conversion based on the misattribution of her work; and a conspiracy by BMI and Hasbro to commit those torts.   The district court dismissed her claims as time-barred.

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor.   *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015).   The complaint must plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions."   *Iqbal*, 556 U.S. at 678.

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint."   *Ellul v. Congregation of Christian Bros.*, 744 F.3d 791, 798 n.12 (2d Cir. 2014).   The New York state statute of limitations governs this diversity action.   *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998).

Under New York law, negligence claims are subject to a three-year statute of limitations. *See* N.Y. C.P.L.R. § 214(5).   A negligence claim accrues "when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint," and has historically been the time of the plaintiff's injury.   *Snyder v. Town Insulation, Inc.*, 81 N.Y.2d 429, 432-33 (1993); *see Syms v. Olin Corp.*, 408 F.3d 95, 109 (2d Cir. 2005).   It accrues notwithstanding a plaintiff's ignorance of or failure to discover the injury.   *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993) (The date of injury, "rather than . . . discovery of the injury by the plaintiff, is the relevant date for marking accrual.").   Bryant's complaint alleged that BMI's negligent record keeping prevented her from collecting her full royalties from 1985 until 1992.   Thus, her claim accrued in 1992 and became untimely no later than 1995.

Bryant invokes the continuing wrong doctrine, arguing that she continued to be denied royalties for the misattributed works.   Under that doctrine, a series of continuing wrongs may toll the period of limitations until the commission of the last wrongful act.   *Henry v. Bank of Am.*, 147 A.D.3d 599, 601 (1st Dep't 2017) (citing *Selkirk v. State*, 249 A.D.2d 818, 819 (3d Dep't 1998)). However, "[t]he doctrine 'may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct.   The distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs.'"   *Id.* (quoting *Doukas v. Ballard*, No. 9267-11, 2013 WL 2129137 (N.Y. Sup. Ct. May 1, 2013) (unpublished)).   The doctrine is "inapplicable where there is one tortious act complained of since the cause of action accrues in those cases at the time that the wrongful act first injured plaintiff and it does not change as a result of 'continuing consequential damages.'"   *Id.* (quoting *Town of Oyster Bay v. Lizza Indus., Inc.*, 22 N.Y.3d 1024, 1032 (2013)).   Bryant's claim is predicated on BMI's failure to note that her work was misattributed in 1985, and does not assert a negligent acts after 1985.   Accordingly, the continuing wrong doctrine is inapplicable; the claim became enforceable in 1990 when she was injured; and it expired three years later in 1993.

3

The New York statute of limitations for fraud claims is six years, or two years from the time the plaintiff discovered or could have discovered the fraud. *Sargiss v. Magarelli*, 12 N.Y.3d 527, 532 (2009). Bryant argues that BMI fraudulently concealed the fact that it had been using an incorrect SSN, and that Dobishinski defrauded her by accepting royalties credited to an incorrect SSN. Her claims thus arose solely out of the use of an incorrect SSN for her royalties from 1985 until 1992. Bryant argues that the statute of limitations was tolled because, even with due diligence, she could not have identified the fraud before 2013. But Bryant also alleges that she received a letter from BMI explaining that her SSN in its records was incorrect in 1991. She was therefore on notice of the wrong, and able to identify the alleged tortious conduct, as of that date. In addition, her complaint alleged that she was able to determine the withholding of her royalties by examining a tax assessment from 1992. No reason appears why she was unable to review this document and reach this conclusion until 2013. Accordingly, her fraudulent concealment and fraud claims based on the SSN error are barred by the statute of limitations.

Bryant also asserts a claim of fraudulent concealment against BMI for its failure to disclose the misattribution of her work. However, her second amended complaint alleges that she stopped receiving certain royalties in 1990. She was thus on notice of this claim at that time. In any event, state court records attached to Bryant's complaint reveal she was aware of the misattribution in 2001. The statute of limitations therefore expired well before she commenced this action. Because the underlying fraudulent concealment claims are meritless, Bryant's conspiracy claims premised on the substantive tort of fraudulent concealment also fail. *See Schlotthauer v. Sanders*, 153 A.D.2d 731, 732 (2d Dep't 1989) ("[C]onspiracy is not an independent tort, and is time barred when the substantive tort underlying it is time-barred.").

Bryant's conversion claim concerning Dobishinki's retention of her royalties and her "copyright as conversion" claim regarding the misattribution of her work are also time-barred. Under New York law, the statute of limitations for a claim of conversion is three years. *See* N.Y. C.P.L.R. § 214(3). The period begins to run from the time of the tort, rather than from the time of discovery. *Vigilant Ins. Co. of Am. v. Housing Auth. of City of El Paso, Tex.*, 87 N.Y.2d 36, 44 (1995). Bryant's conversion claim based on unpaid royalties accrued in 1992 because she alleged no additional tortious conduct by Dobishinski after that year. Her conversion claim based on Dobishinski's misattribution of her work accrued in 1990, when she stopped receiving royalties due to the misattribution. As discussed above, the continuing wrong doctrine is inapplicable in the case of a single tortious act, even one that produces continuing damages. *See Henry*, 147 A.D.3d at 601. The statute of limitations for Bryant's conversion claims against Hasbro for misattribution and retention of royalties therefore expired in 1993 and 1995, respectively.

Lastly, Bryant's motion for reconsideration of the denial of oral argument is meritless. We may decline to hear oral argument after reviewing the record and the parties' briefs, and our decision to do so here was appropriate. *See* Fed. R. App. P. 34(a)(2).

We have considered Bryant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Appellant's motion for reconsideration of the denial of her request for oral argument.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
