Caraballo v New York Presbyt. Hosp./Weill Cornell Med. Ctr. (2021 NY Slip Op 05920)





Caraballo v New York Presbyt. Hosp./Weill Cornell Med. Ctr.


2021 NY Slip Op 05920


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 805123/18 Appeal No. 14521-14521A Case No. 2021-01289, 2021-01290 

[*1]Jeremy Caraballo, Plaintiff-Appellant,
v
New York Presbyterian Hospital/Weill Cornell Medical Center, a Part of the New York Presbyterian Healthcare System Inc., Defendant-Respondent, Mount Sinai Queens Hospital, a Part of the Mount Sinai Health System, Inc., et al., Defendants. 


Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Keller, O'Reilly & Watson, P.C., Woodbury (Patrick J. Engle of counsel), for respondent.



Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about October 14, 2020, which granted the motion of defendant The New York and Presbyterian Hospital (NYPH) to dismiss the complaint as against it, and supplemental order, same court and Justice, entered October 28, 2020, which severed the action as against defendant Mount Sinai Queens Hospital and directed entry of judgment in favor of NYPH dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff's last visit to the NYPH-affiliated endocrinology clinic was on July 28, 2015. The course of treatment continued through plaintiff's scheduled appointment on September 1, 2015, but terminated after he missed that appointment and did not reschedule (see Richardson v Orentreich , 64 NY2d 896, 898-99 [1985]). As a result, this action was not timely filed. Even if the September 9, 2015 communication was sufficient to demonstrate a continuing course of treatment through that date, the action would still not be timely.
That plaintiff continued to take the medications prescribed at his last appointment through July 23, 2016 is not sufficient to extend his course of treatment through that date (see Cooper v Kaplan , 163 AD2d 215, 216 [1st Dept 1990], affd 78 NY2d 1103 [1991]; Bernardo v Ayerest Labs., Div of Am. Home Prods. , 99 AD2d 430, 431 [1st Dept 1984]). Plaintiff's history of missing appointments does not alter that general rule.
Plaintiff's conclusory assertion in his affidavit that he still considered himself to be a patient of the NYPH endocrinology clinic through July 2016 is not dispositive, as the understanding that treatment was ongoing must be shared by both physician and patient (see Plummer v New York City Health & Hosps. Corp. , 98 NY2d 263, 267-268 [2002]; Allende v New York City Health & Hosps. Corp. , 90 NY2d 333, 338 [1997]). Plaintiff's statement is at any rate inconsistent with his conduct at his October 21, 2015 appointment at Mount Sinai, at which he stated that he "[w]as seeing" a different endocrinologist but wanted to be treated at Mount Sinai from then on, and at which a
Mount Sinai doctor undertook to treat his diabetes by adjusting his medication and referring him to a new endocrinologist, with whom he began treatment in January 2016 (see id. at 338-339). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2021