Paul H. v State of New York (2025 NY Slip Op 51486(U))

[*1]

Paul H. v State of New York

2025 NY Slip Op 51486(U)

Decided on September 10, 2025

Court Of Claims 

Calderon, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 10, 2025
Court of Claims 

Paul H., Claimant,

against
The State of New York, Defendant.

Claim No. 143203

For Claimant:
HERMAN LAW
By: Cynthia A. Constantino, Esq.
For Defendant:
LETITIA JAMES, Attorney General of the State of New York
By: Albert E. Masry, Assistant Attorney General

Francisco Calderon, J.

In July 2021, claimant Paul H. commenced a Supreme Court action against various governmental and nongovernmental entities.[FN1]
Claimant alleged that the various defendants were negligent because he had been sexually abused while in their care and custody. According to claimant, he commenced the action against them while under "the mistaken belief that he was in those parties' custody at the time of the alleged incidents in the 1970s" (Affirm in Opp, NYSCEF Doc 8, 2). However, claimant learned during the course of discovery that he had actually been in the custody of a State-operated school at that time. Upon learning this, he discontinued the [*2]Supreme Court action and commenced this action against the State (see id.).
Claimant commenced the present action on February 4, 2025, purportedly under the revival window created by the Child Victims Act (CVA). Briefly, claimant alleges that State employees at the Margaret Chapman School (the School)[FN2]
negligently failed to protect claimant from sexual assault committed by fellow students while he attended the School as a minor in the 1970s. Defendant moves, pre-answer, to dismiss the claim as untimely. Specifically, defendant argues that the CVA revival window closed before claimant commenced this action and therefore the statute of limitations has expired. Claimant opposes defendant's motion on the grounds that the claimant is entitled to the disability tolling provision of the Court of Claims Act § 10 (5) and cross-moves for leave to file a late claim. Defendant opposes claimant's cross-motion. For the reasons stated below, defendant's motion to dismiss the claim is granted and claimant's cross-motion is denied.
FACTUAL BACKGROUND
In support of its motion, defendant references the verified claim. The claim, which was filed on February 4, 2025, states that it "is a revival action brought pursuant to the [CVA]" (Ver Claim, NYSCEF Doc 1, 1). Claimant was placed at the School to address his mental disabilities. While he was a resident, claimant alleges that he was repeatedly sexually assaulted by fellow residents and that his abuse was witnessed by staff members who did not intervene.
In response and in support of his cross-motion, claimant submits the claim, the claimant's records from the Office for People with Developmental Disabilities (OPWDD), and a deposition of the claimant from the Supreme Court action. The OPWDD records contain medical histories, foster care records, and educational records that support claimant's identification of the School as a location in which he lived in the 1970s, as well as his disabled state during his years there as a minor. At his deposition, claimant stated that, among his mental disabilities, he was nonverbal during his residency at the School. At the time of the deposition, claimant was living in a home for people with mental disabilities. Claimant was able to commence legal proceedings with the assistance of a pastor who helped connect him to his attorney.

LAW AND ANALYSIS
The New York State Legislature passed the CVA in 2019 as part of a comprehensive scheme meant to "open the doors of justice to the thousands of survivors of child sexual abuse in New York State" (Senate Introducer's Mem in Support, Bill Jacket, L 2019, ch 11, pg 7). The CVA created a one-year revival window (see CPLR 214-g) for "civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover for injuries suffered as a result of conduct which would constitute sex crimes, which conduct was committed against a child less than 18 years of age, for which the statute of limitations had already run" (S.H. v Diocese of Brooklyn, 205 AD3d 180, 184 [2d Dept 2022]). Additionally, the Court of Claims [*3]Act was amended to provide that "[section 10][FN3]
shall not apply to" actions alleging various sex offenses against a child.
Originally, the CVA created a one-year "look back window," allowing these actions to commence between August 14, 2019 and August 14, 2020 (Division of Budget Bill Mem, Bill Jacket, L 2019, ch 11 at 9; see Bethea v Children's Vil., 225 AD3d 580, 581 [2d Dept 2024]). The CVA was later amended to extend the revival window until August 14, 2021 (see Bethea, 225 AD3d at 581). Additionally, in response to the COVID-19 pandemic, former Governor Andrew Cuomo issued successive executive orders that ultimately tolled the close of the revival window for 90 days, making the end date "at least November 12, 2021" (Bethea, 225 AD3d at 581; accord Chestnut v United Methodist Church, 230 AD3d 182, 206 [2d Dept 2024]; see Executive Order [A. Cuomo] Nos. 202.55.1 [9 NYCRR 8.202.55.1], 202.60 [9 NYCRR 8.202.60], 202.67 [9 NYCRR 8.202.67], 202.72 [9 NYCRR 8.202.72]).
Here, defendant has demonstrated that claimant commenced this action well outside of the CVA revival window. No court has found that the revival window closed on any date after November 12, 2021 (see Chestnut, 230 AD3d at 206; Bethea, 225 AD3d at 581). This claim was filed on February 4, 2025, over three years after the revival window closed. Therefore, the claim is untimely under the CVA revival window.
In response, claimant does not argue that the CVA lookback window extended until February 2025. Instead, claimant argues that the revived statute of limitations in the CVA was tolled by Court of Claims Act § 10 (5). Under that provision, if the claimant is "under legal disability, the claim may be presented within two years after such disability is removed" (id.). The Court of Claims Act does not provide a definition for "legal disability," but its counterpart in CPLR 208 defines disability as "infancy or insanity at the time the cause of action accrues" (CPLR 208 [a]; see Barrett v State of New York, 161 AD2d 61, 68 [2d Dept 1990], affd 78 NY2d 1111 [1991]; Goines v State of New York, 78 Misc 3d 698, 701 [Ct Cl 2023]; Wiltz v State of New York, 77 Misc 3d 195, 201 [Ct Cl 2022]). The Court of Appeals, noting that "tolling provisions should not readily be given an expansive interpretation," has held that "the Legislature meant to extend the toll for insanity to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (McCarthy v Volkswagen of Am., 55 NY2d 543, 548 [1982]).
Contrary to claimant's contention, the disability toll in Court of Claims Act § 10 (5) does not apply to the CVA revival window. As previously mentioned, the CVA amended the Court of Claims Act to provide that section 10 "shall not apply to . . . any claim to recover damages for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in [Penal Law article 130] committed against a child less than [18] years of age" (Court of Claims Act § 10 [10]). The disability toll is contained in section 10 and therefore does not apply to CVA cases. There is no indication in the statutory text that the Legislature intended to exempt the disability toll from the provisions of the CVA. In fact, the legislative history of the CVA indicates the opposite. When describing the role of CPLR 214-g in the CVA, the Senate Introducer's Memorandum in Support of the original Act explains that "[s]uch revival can only take place within a one year window which commences [*4]six months from the effective date of the act" (Bill Jacket, L 2019, ch 11 at 7 [emphasis added]). A strict interpretation of the interplay between the CVA and the rest of the Court of Claims Act also comports with the general principle that laws, such as CPLR 214-g that "revive causes of action are extreme example[s] of legislative power and are narrowly construed" (S.H. v Diocese of Brooklyn, 205 AD3d at 188 [internal quotation marks, brackets, and citations omitted]).
In any event, even if the disability tolling provision of the Court of Claims Act § 10 (5) could apply to cases brought under the CVA, it would not apply to this claim because the claimant has failed to prove he had a disability within the meaning of that provision during the revival window. The Court does not question claimant's assertion that he lives with mental disabilities. However, claimant has not submitted any evidence that he was unable to "meet with an attorney, assist in the preparation of the claim" (Doe v State of New York, 221 AD2d 218, 218 [1st Dept 1995]), or "carr[y] on other court proceedings during the time he alleged an ongoing disability" (Wiltz, 77 Misc 3d at 201; see also McCarthy, 55 NY2d 549). To the contrary, claimant was also able to retain legal counsel, commence an action in Supreme Court during the CVA revival window, and participate in court proceedings. Therefore, claimant has failed to prove that he is entitled to the toll in Court of Claims Act § 10 (5). Without this tolling provision, this claim is time-barred by the expiration of the revival window of CPLR 214-g. Accordingly, defendant's motion to dismiss the claim is granted.
Finally, the Court of Claims Act § 10 (6)[FN4]
states that the filing of a late claim can be permitted "at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of [CPLR article 2]." Because the statute of limitations has already expired, late claim relief is not permitted. Therefore, claimant's cross-motion for leave to file a late claim is denied.

CONCLUSION
Based upon the foregoing, defendant's motion to dismiss the claim is granted and claimant's cross-motion to file a late claim is denied. Accordingly, Claim No. 143203 is dismissed. This constitutes the Decision and Order of this Court.
Saratoga Springs, New York
September 10, 2025
FRANCISCO CALDERON
Judge of the Court of Claims
The following papers were read and considered by the Court:
1. Defendant's Notice of Motion, and Attorney's Supporting Affirmation;
2. Claimant's Notice of Cross-Motion, Attorney's Affirmation in Opposition to Motion and in Support of Cross-Motion, and Exhibits;
3. Defendant's Attorney's Reply Affirmation in Opposition to Cross-Motion.

Footnotes

Footnote 1:The complaint was amended several times, naming different defendants at various points throughout the proceedings. Among other parties, named defendants included Westchester County, Schoharie County, Chenango County, Schenectady County, Hawthorne Ceder Knolls Residential Treatment Center, and the Jewish Board of Family and Children's Services.

Footnote 2:Defendant disputes ownership and operation of the School. However, because ownership and operation of the School is not at issue in the present motion, the Court assumes that the facts as alleged in the claim are true.

Footnote 3:Court of Claims Act § 10 contains, among other provisions, the statute of limitations applicable to actions filed in the Court of Claims.

Footnote 4:The Court does not consider, on this motion, whether the provisions of Court of Claims Act § 10 (10) also preclude late claim relief in CVA actions.