In the Matter of the Claim of DONALD JOHNSON, by His Mother, SANDRA J. WEBSTER, et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 57971.)

Third Department, October 23, 1975

*Patrick F. Broderick* for appellants.

*Louis J. Lefkowitz, Attorney-General (Peter J. Dooley* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J. P. This is a claim arising out of the death of claimant's decedent on December 9, 1972 on a State highway. On March 9, 1973, exactly 90 days after the accident, decedent's mother, the claimant herein, filed a notice of intention to file a claim in purported compliance with subdivision 2 of section 10 of the Court of Claims Act. On July 17, 1973, claimant was appointed administratrix, and on October 29, 1973 a claim was filed by claimant in her capacity as administratrix for the wrongful death of her son. The claim was filed well within two years from the date of decedent's death, wherefore it was timely if the notice of intention to file a claim was also timely. The Court of Claims, however, found that the notice of intention to file a claim was of no effect because that document had not been filed by claimant in her capacity as administratrix and that since the claim itself was filed more than 90 days after her appointment as administratrix the claim was untimely and, therefore, subject to dismissal.

We disagree with the determination of the Court of Claims. "A claim by an executor or administrator of a decedent * * · * [in a wrongful death action] shall be filed within ninety days after the appointment of such executor or administrator unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after the death of the decedent" (Court of Claims Act, § 10, subd 2). It has been stated with sufficient frequency so as not to require citation of authority that the purpose of the requirement of filing either

the claim or a notice of intention within 90 days is to give the State prompt notice of certain particulars of the alleged occurrence. However, it is apparent that the Legislature was cognizant of the fact that a wrongful death action can only be instituted by a properly appointed legal representative, and, therefore, rather than requiring filing within 90 days of the decedent's death, extended the period for filing to 90 days from the appointment of such executor or administrator. It was obviously felt that a potential claimant might not act prior to formal establishment of his or her entitlement to prosecute the claim and thus the statute does not require a filing until the expiration of 90 days from the appointment of the legal representative.

The decision of the Court of Claims in the instant case has the effect of limiting the time for filing in a manner which has no statutory basis. Some claimants, out of a desire to avoid delay in seeking to vindicate legal rights, do not await a formal appointment as legal representative but act in anticipation of it. In so doing, the purpose of the statute is fully served. We can discern no legislative intent to hamper those who act with dispatch such as will be better calculated to bring about a more rapid determination on the merits. A similar view has been expressed by the Court of Appeals in *Winbush v City of Mount Vernon* (306 NY 327, 334): "While no one except an administrator or executor may bring a death action, there is no reason, in statute or in reason, why a person, who is one of the next of kin to be benefited by a death action, may not file a notice of claim, which is not a pleading in a lawsuit, but merely a notice of injury and intention to make claim therefor." While the *Winbush* case dealt with a claim against a municipality under section 50-e of the General Municipal Law, we can discern no basis for applying different principles to the application of section 10 of the Court of Claims Act.

While a different result may be called for in those cases where the claim itself is not timely filed by a proper legal representative having capacity to prosecute the claim, we have recognized the distinction between claims filed by proper representatives and notices of intention filed by proper representatives. As then Mr. Justice HERLIHY stated in *Davis v State of New York* (22 AD2d 733), "[t]he holding in [the case of *Matter of Figueroa v City of New York,* 279 App Div 771] that anyone can file a notice of intention to sue, even if he is

not the legal representative of the estate, has no application * * * where we are not dealing with a notice of intention, but with the claim itself."

The statute does not expressly require more than that the notice of intention be filed by the claimant before the expiration of 90 days from her appointment as administratrix. This was done here. While it has often been stated that section 10 must be strictly construed, there is no warrant for going beyond a strict construction and reading into the statute any additional requirements. The statute as written does not require that one have formal status as legal representative before a notice of intention may be filed, so long as the notice is timely filed and the claim itself is ultimately timely filed by a claimant with the status of authorized legal representative. Such a requirement would not only be purposeless, but would be contrary to the legislative objective of extending the time for filing.

The order entered November 14, 1974 dismissing the claim must, therefore, be reversed. The appeal from the order of March 7, 1975 denying permission to file a late claim is thereby rendered academic, but we wish to state our opinion that, upon the facts presented in this case, we are of the view that a proper exercise of discretion would have resulted in the granting of the motion.

The order entered November 14, 1974, should be reversed, on the law and the facts, without costs; the motion to dismiss the claim should be denied, and the claim reinstated. Appeal from the order of March 7, 1975 should be dismissed as academic, without costs.

KOREMAN, MAIN, LARKIN and REYNOLDS, JJ., concur.

Order, entered November 14, 1974, reversed, on the law and the facts, without costs; motion to dismiss the claim denied, and claim reinstated. Appeal from the order of March 7, 1975 dismissed as academic, without costs.