OPINION OF THE COURT
Gerald Adler, J.
In this medical malpractice and wrongful death action, the defendant, a public benefit corporation, moves to dismiss the complaint pursuant to CPLR 3212 on the ground that the causes of action alleged are time barred under the applicable statutes, sections 50-e and 50-i of the General Municipal Law and section 20 of the New York City Health and Hospitals Corporation Act (L 1969, ch 1016, as amd [Act]).
The plaintiff’s decedent was admitted to Kings County Hospital Medical Center on September 18, 1979 and he allegedly died as a result of the defendant’s negligence and malpractice on September 19, 1979. On February 5, 1981 letters of administration were issued to the plaintiff. The notice of claim was served on or about February 13, 1981. It is undisputed that the action against the defendant was commenced on July 2, 1981 by the service of a summons and verified complaint.
*1009 The defendant, a public benefit corporation, is governed by the provisions of the “New York city health and hospitals corporation act” (L 1969, ch 1016, as amd).
Subdivision 2 of section 20 of the Act provides in part that “[a]n action against the corporation for damages * * * for personal injuries or death, alleged to have been sustained, shall not be commenced more than one year and ninety days after the cause of action thereof shall have accrued”. Subdivision 2 of section 20 of the Act (as amd by L 1973, ch 877, § 1) also requires before an action is commenced, the filing of a “notice of intention to commence such action” with a director or officer of the corporation “within ninety days after such cause of action shall have accrued. All the provisions of section fifty-e of the general municipal law shall apply to such notice.”
The defendant contends that the service of the notice of claim on February 13, 1981, almost 16 months after the death of plaintiff’s decedent, but only 8 days after the appointment of an administratrix, was untimely. The court disagrees.
The court construes the language used in subdivision 2 of section 20 of the Act “within ninety days after such cause of action shall have accrued” to mean that the filing of a notice of intention to commence an action (notice of claim) begins to run upon the appointment of an estate representative. A wrongful death action is a statutory right. Under EPTL 5-4.1 only the personal representative of a decedent “duly appointed” may maintain a wrongful death action. A personal representative could not file a notice of claim until he was appointed and had qualified. “Hence the accrual of the right to file the notice of claim does not start until the appointment and qualification” (Joseph v McVeigh, 285 App Div 386, 392 [concurring opn of Breitel, JJ, affd 309 NY 877).
The defendant’s reliance on section 50-e of the General Municipal Law to establish that the 90-day period for filing a timely notice of claim began to run on September 19, 1979, the date of the last treatment at Kings County Hospital Center and the date of death of the plaintiff’s decedent is misplaced.
*1010 Section 50-e of the General Municipal Law requires that in any case founded upon tort where a notice of claim is required as a condition precedent to the commencement of an action against a public corporation, the notice of claim must be served “within ninety days after the claim arises”. The foregoing words “after the claim arises” have been construed to mean that the statutory period for filing a notice of claim in a wrongful death action begins to run from the time of appointment of an estate representative and not from the happening of the event causing death (Erickson v Town of Henderson, 30 AD2d 282, 284; Joseph v McVeigh, supra; Buduson v Curtis, 285 App Div 517, affd 309 NY 879).
Both sides have litigated this motion as if the two causes of action alleged in the plaintiff’s complaint are for wrongful death. Neither side has made any separate argument with respect to plaintiff’s first cause of action which appears to be one for conscious pain and suffering (personal injuries). The conscious pain and suffering claim arose on September 19,1979, the date of the last treatment and the date of death. The filing of a notice of claim on February 13, 1981 was untimely with respect to the plaintiff’s first cause of action (Joseph v McVeigh, supra; Matter of Public Administrator of County ofN. Y. v City of New York, 32 AD2d 627; see, also, Morano v St. Francis Hosp., 100 Misc 2d 621, 625).
The defendant also contends that the commencement of the lawsuit, by the service of a summons and complaint on July 2, 1981 was untimely under subdivision 2 of section 20 of the Act and section 50-i of the General Municipal Law. No case has been cited by either party where the issue of untimeliness of the commencement of the action was decided on the basis of subdivision 2 of section 20 of the Act. In researching the question, none has been found by the court. The defendant relies on section 50-i of the General Municipal Law for maintaining that a wrongful death action must be commenced “within one year and ninety days after the happening of the event upon which the claim is based”. However, it is the court’s opinion that the language of the statute (General Municipal Law, § 50-i) limits its application to actions against “a city, county, *1011 town, village, fire district or school district”. The statute does not appear to apply to the defendant, a public benefit corporation. Actions against the defendant New York City Health and Hospitals Corporation must be commenced within the time limitations of subdivision 2 of section 20 of the Act. It is notable to observe that while subdivision 2 of section 20 of the Act provides that “[a]ll the provisions of section fifty-e of the general municipal law shall apply to such notice”, no mention is made as to the applicability of section 50-i of the General Municipal Law to the time limitations for the commencement of an action under said statute.
Subdivision 2 of section 20 of the Act requires in part that “[a]n action against the corporation * * * for personal injuries or death, alleged to have been sustained, shall not be commenced more than one year and ninety days after the cause of action thereof shall have accrued”. A wrongful death action being a statutory right (EPTL 5-4.1) accrues when a personal representative has been duly appointed and not before. Letters of administration were issued to the plaintiff on February 3, 1981. The action was commenced on July 2,1981, well within the “one year and ninety days” limitation period of subdivision 2 of section 20 of the Act. The plaintiff’s decedent died on September 19,1979. Thus, the plaintiff’s wrongful death action was also commenced within “two years after the decedent’s death”, the mandatory limitation of EPTL 5-4.1 applicable to all death actions.
Accordingly, defendant’s motion for summary judgment is denied with respect to plaintiff’s wrongful death action (second cause of action) and it is granted with respect to plaintiff’s action for conscious pain and suffering (first cause of action).
The defendant’s answer was due on July 22, 1981. The defendant states he served it on August 4, 1981. The plaintiff asserts he received it on August 12,1981. There is a dispute as to whether there was a stipulation to extend the defendant’s time to answer. In the court’s opinion the delay in serving the answer was not willful or overly lengthy and there was no prejudice to the plaintiff as a *1012 result. Consequently, the court deems the service on August 4, 1981 timely. (Williams v City of New York, 85 AD2d 633.)