OPINION OF THE COURT
Nicholas A. Clemente, J.
This is an action by which plaintiff Marie Suze Aristide seeks to recover for the wrongful death of Germaine Aristide because of alleged medical malpractice which commenced on August 24, 1982 and continued through October 20, 1982.
A notice of claim naming Marie Suze Aristide as proposed administratrix of the estate of Germaine Aristide, deceased, was served upon the City of New York (City) and the New York City Health and Hospitals Corporation (Health & Hospitals Corp.) on or about November 12, 1982. Thereafter a summons and verified complaint dated October 28, 1983 was served which named the City, the Health & Hospitals Corp. and physicians referred to as "John Doe”, "Robert Doe” and "John Smith”.
Issue was joined as to the City by service of an answer dated December 7, 1983 which raised as a first affirmative defense that "The plaintiff has no legal capacity to sue”.
*484 Plaintiff encountered difficulties in identifying the doctors who were responsible for treating the decedent but ultimately obtained such information and commenced a second action by serving a summons and verified complaint dated January 4, 1984 upon Drs. David H. Berman, Pascal Frino, Arthur Farkash and Michael Braunstein. Each of these defendants joined issue by serving an individual answer. Defendant Farkash’s answer, however, was apparently served first. Nevertheless, each answer raises as a first affirmative defense that plaintiff lacks legal capacity to sue and as a second affirmative defense that the complaint is null and void for failure to comply with General Municipal Law § 50-e.
Before the answers of Drs. Berman, Frino and Braunstein were received but after receipt of the answer of Dr. Farkash, plaintiff moved by order to show cause dated February 14, 1984 for an order setting forth that she had complied with General Municipal Law § 50-e in both actions, striking defendant Farkash’s second affirmative defense, consolidating actions Nos. 1 and 2 or alternatively seeking leave to serve a notice of claim nunc pro tunc as to action No. 2. In other words, plaintiff asked that the notice of claim served on the City and Health & Hospitals Corp. in November 1982 be deemed sufficient as far as their employee physicians were concerned and that, therefore, the affirmative defense raised by Farkash regarding section 50-e is invalid.
Defendant Farkash in opposing the motion maintained that "Notice of Claim is * * * required as to Health & Hospital employees.”
In an order dated March 5, 1984, this court (Adler, J.) granted plaintiffs motion, inter alia, consolidating the actions and striking the second affirmative defense of defendant Arthur Farkash. The court held that there was no need for a notice of claim to have been served upon defendant Farkash.
The matter is now before the court on another motion made by plaintiff whereby she seeks an order striking (1) the affirmative defense raised by all defendants which alleges that plaintiff lacks legal capacity to sue, and (2) the affirmative defense raised by defendants, Berman, Frino and Braunstein that the complaint is null and void for failure to comply with General Municipal Law § 50-e.
In an affirmation submitted by plaintiffs attorney in support of the motion, he concedes that he discovered that Dr. Arthur Farkash is not a party he seeks to sue. He maintains, *485 however, that the affirmative defense relating to section 50-e contained in the answers of defendants Braunstein, Berman and Frino is identical to the defense stricken by this court (Adler, J.), and that the facts and circumstances underlying the affirmative defenses herein are identical to those previously considered by the court in striking the defense. In this regard, it must be noted that although the parties are different the attorneys are identical. Thus, plaintiff argues that the prior decision of this court striking the section 50-e defense is law of the case and should collaterally estop the others from asserting the defense. Finally, the affirmative defense that plaintiff lacks legal capacity to sue should be stricken since letters of administration dated March 7, 1983 were issued to her.
Defendants cross-move for an order dismissing this action against Arthur Farkash with prejudice. Defendants also oppose plaintiffs’ motion with the contention that the affirmative defenses in issue are valid because plaintiffs’ notice of claim is invalid. The invalidity is claimed to arise from the fact that plaintiff Marie Suze Aristide had not been granted letters of administration at the time she filed the notice of claim. In other words, posit the defendants under General Municipal Law § 50-e, as it was amended in 1981, only a duly appointed personal representative can file a notice of claim. As to the collateral estoppel contention raised by plaintiff, defendants counter that only Dr. Farkash was a party to the prior motion and the issue raised now by the instant defendants was not raised in the prior motion or addressed by the court.
Hence, the controversy at bar really resolves itself into only one issue,[1] that is, whether the notice of claim requirement, set forth in General Municipal Law § 50-e, is satisfied if the *486 notice is filed by one who has not yet received letters of administration. Concededly, plaintiff Marie Suze Aristide filed a notice of claim at a time when she lacked letters of administration.
Prior to July 27, 1981, General Municipal Law § 50-e (1) (a) provided the following: "In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises.”
In 1981 this provision was amended by the Laws of 1981 (ch 738) so as to add the following phrase to the foregoing sentence "except that in wrongful death actions, the ninety days shall run from the appointment of a representative of the decedent’s estate.”
Defendants citing Winbush v City of Mount Vernon (306 NY 327) do not dispute that prior to the 1981 amendment of section 50-e there would be no question that plaintiff’s notice of claim was valid. Defendants maintain, however, that the amendment changes the law so as to make clear that a notice of claim is valid only if filed by someone who is a personal representative. In support of this reasoning, they point to St. Hill v New York City Health & Hosps. Corp. (112 Misc 2d 1008, 1009) where the court stated: "A personal representative could not file a notice of claim until he was appointed and had qualified. 'Hence the accrual of the right to file the notice of claim does not start until the appointment and qualification’ (Joseph v McVeigh, 285 App Div 386, 392 [concurring opn of Breitel, J.], affd 309 NY 877).”
Defendants’ approach is not tenable. At the outset it should be noted that the Law Revision Commission in a memorandum in support of the aforementioned 1981 amendment stated "Case law holds that section 50-e’s notice requirement in death cases must be satisfied within 90 days of the appointment of an estate representative even though the statute *487 states that notice must be served within 90 days after the claim arises. The case law construction with respect to death cases is codified in this bill” (1981 McKinney’s Session Laws of NY, at 2363). Thus, the theory presented by defendants that the 1981 amendment was meant to enact a change in the law regarding filings of notice of claims in wrongful death actions by nonrepresentative parties is contradicted.
Winbush (supra) and Scholl v Town of Babylon (95 AD2d 475, 483) make clear that insofar as case law is concerned, a notice of claim filed by someone who has not been appointed a personal representative will be validated. Hence, the more reasonable interpretation of the 1981 amendment is that it represented a legislative effort to protect the beneficiaries of wrongful death actions where no notice of claim had been filed and where there has been delay in the appointment of a personal representative. Stated otherwise, the amendment provides that if no notice of claim is filed before appointment of a personal representative once one is appointed he will be given 90 days to file a notice of claim. Support for this analysis is found in Winbush v City of Mount Vernon (supra, p 334) where the court states: "While no one except an administrator or executor may bring a death action, there is no reason, in statute or in reason, why a person, who is one of the next of kin to be benefited by a death action, may not file a notice of claim, which is not a pleading in a lawsuit, but merely a notice of injury and intention to make claim therefor.”
Defendants fail to present any reason in logic or precedent why the reasons presented in the above-quoted material should not remain valid. Moreover, there is no possible prejudice to the defendants in adopting such a view of the 1981 amendment (cf. Dodd v Warren, Apr. 22, 1985). The purpose of a notice of claim is to give the municipality notice so it may investigate. This purpose is accomplished and, in fact, more so than if service of a notice of claim is delayed to allow appointment of a personal representative. Thus, a notice of claim which alleged that a plaintiff suffered only personal injuries has been deemed sufficient to provide notice of a wrongful death action brought later when the plaintiff died as a result of those injuries (Mingone v State of New York, 100 AD2d 897, 898).
It is, of course, true that St. Hill v New York City Health & Hosps. Corp. (supra) does indicate that only a personal representative may file the notice of claim. Such a rule would, of *488 course, seem to mandate a finding for defendants. Careful consideration of St. Hill shows, however, that such was not its ratio decidendi. St. Hill rather sought to extend that time within which a notice of claim could be filed. Hence, it stated that the 90 days runs from the appointment of a personal representative. Such an approach is, of course, consistent with the 1981 amendment. It does not, however, mean that a notice of claim filed before appointment of a personal representative must be deemed void. In fact, the latter point was never addressed by St. Hill.
Accordingly, I conclude that plaintiffs notice of claim is valid and that defendants’ affirmative defenses which are based on its invalidity should be stricken.[2] Defendants’ cross motion to dismiss with prejudice the complaint as to defendant Arthur Farkash is not opposed and is hereby granted.

. The other contention dealing with estoppel and law of the case is clearly without merit. I reach this conclusion because the issue in the motion giving rise to the March 5, 1984 order and the issues at bar are not identical. The order of March 5, 1984 was based upon a holding that there was no need to serve a notice of claim on the defendant employee Farkash. Here, defendants contend that the notice of claim served is invalid because it was served by someone who lacked letters of administration. Obviously, the March 5, 1984 order never decided and never needed to decide this issue. As to the opportunity to litigate the issue the defendants who are defending against the instant motion were not participants in the prior motion. It is true that the attorneys for the defendant Farkash on the prior motion are the same as the attorneys for the defendants Berman, Frino and Braunstein on the current motion and they could have raised, on such prior motion, the argument they now raise in support of the affirmative defenses plaintiff seeks to strike. This, however, hardly justifies collateral estoppel. *486 They clearly were under no duty to raise such an argument. Moreover, defendants Berman, Frino and Braunstein who were not participants in the prior motion should not be prejudiced because of their mutuality of attorneys with defendant Farkash. Accordingly, contrary to plaintiffs position defendants are not precluded from contending that their affirmative defenses should be upheld (Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11).

. There would appear to be no need to even amend the notice of claim, since its title naming plaintiff as proposed administratrix was correct at the time it was filed.