◼ In the Matter of WALTER DREGER et al., Respondents, v NEW YORK STATE THRUWAY AUTHORITY, Appellant.—Weiss, J. Appeal from an order of the Court of Claims (Lyons, J.), entered November 20, 1990, which granted claimants' application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

Claimants seek recovery for personal injuries resulting from an automobile accident which occurred on January 9, 1985. Claimants timely filed a notice of claim and served it by certified mail on April 2, 1985 on the State Thruway Authority. They also filed a copy of it with the Court of Claims. However, claimants failed to make service upon the Attorney-General as required by Court of Claims Act § 11 and, on January 4, 1990, the claim was dismissed for "a failure of subject matter jurisdiction".

On June 13, 1990, claimants moved pursuant to Court of Claims Act § 10 (6) for leave to file a late notice of claim relying upon CPLR 205 (a), which provides a six-month period within which to recommence an action which had been timely commenced and thereafter terminated in any manner other than by voluntary discontinuance, dismissal for neglect to prosecute or a final judgment on the merits. The Court of Claims found that the failure to have served the Attorney-General was a jurisdictional defect, citing to *Finnerty v New York State Thruway Auth.* (75 NY2d 721), but ruled that by serving the New York State Thruway Authority "claimants sufficiently invoked judicial aid to be entitled to the extension afforded by CPLR 205 subd. (a) even though the prior claim was fatally flawed". Turning to the merits, the court held that the history of the litigation sufficiently established that the factors in Court of Claims. Act § 10 (6) weighed in favor of granting the motion. The Authority has appealed.

Under Public Authorities Law § 361-b, compliance with the Court of Claims Act is necessary in order to properly commence an action against the Authority *(Kaplan v State of New York,* 152 AD2d 417, 418). The requirements of Court of Claims Act § 10 (3) are jurisdictional in nature and must be strictly construed *(Buckles v State of New York,* 221 NY 418, 423-424). Service upon the Attorney-General is one of the

mandatory terms and conditions required by statute in order to commence an action against the State (Court of Claims Act § 11; *Finnerty v New York State Thruway Auth., supra,* at 722).

CPLR 205 (a) is ameliorative in nature and designed to lessen the harsh effects of the Statute of Limitations in those cases where a defendant has been timely served with process and given timely notice of the asserted claim *(George v Mt. Sinai Hosp.,* 47 NY2d 170, 177). Here, service upon the Attorney-General was a jurisdictional prerequisite and condition precedent to the proper commencement of the action in the Court of Claims *(see, Finnerty v New York State Thruway Auth., supra; Kaplan v State of New York, supra,* at 418; *see also, Parker v Mack,* 61 NY2d 114, 118). Failure to comply with a condition precedent to the valid commencement of an action is fatal and does not trigger the ameliorative tolling of the Statute of Limitations *(Bernardez v Federal Deposit Ins. Corp.,* 104 AD2d 309, 310, *affd on mem below* 64 NY2d 943; *see, Davidson v Bronx Mun. Hosp.,* 64 NY2d 59; *Jackson v State of New York,* 85 AD2d 818, *lv dismissed, lv denied* 56 NY2d 501; *Carr v Yokohama Specie Bank,* 272 App Div 64, *affd* 297 NY 674). Since the first claim had never been properly commenced, CPLR 205 (a) provided no relief to claimants and their second action was untimely.

Mahoney, P. J., Levine and Mercure, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.