■ MICHAEL N. MALLORY, Appellant, v STATE OF NEW YORK, Respondent. [601 NYS2d 972] —Appeal from an order of the Court of Claims (Hanifin, J.), entered March 11, 1992, which, inter alia, granted the State's motion to dismiss the claim.

This personal injury claim arose out of an incident on October 16, 1990 when correction officers allegedly assaulted claimant, an inmate at Elmira Correctional Facility in Chemung County. Claimant mailed a notice of intention to file a claim on January 11, 1991 to the Court of Claims and the Attorney-General. The Court of Claims received the notice on January 14, 1991, the 90th day after the incident, but the

Attorney-General did not receive the notice until January 15, 1991, the 91st day after the incident. Thereafter, on October 9, 1991, claimant mailed his notice of claim to the Court of Claims and the Attorney-General. This notice was received by both parties on October 11, 1991. The State moved to dismiss the claim on the ground that the notice of intention was untimely served on the Attorney-General. Claimant made no application to file a late claim during the appropriate one-year Statute of Limitations period in which to commence an action predicated on assault (see, Court of Claims Act § 10 [3-b], [6]; CPLR 215). It was not until December 6, 1991, in response to the State's motion, that claimant cross-moved for permission to file a late claim. The Court of Claims denied claimant's cross motion, granted the State's motion and dismissed the claim.

It has been determined that compliance with Court of Claims Act §§ 10 and 11 pertaining to the timeliness of filing and service requirements respecting claims and notices of intention to file claims constitutes a jurisdictional prerequisite to the institution of a claim against the State (see, Byrne v State of New York, 104 AD2d 782, lv denied 64 NY2d 607). Here, service of the notice of intention upon the Attorney-General was not completed until it was received (Court of Claims Act § 11 [a]). Because that did not occur until the 91st day after accrual of the claim, the Court of Claims lacked jurisdiction over the case and therefore properly granted the State's motion to dismiss (see, Jackson v State of New York, 85 AD2d 818, lv denied 56 NY2d 501, appeal dismissed 56 NY2d 568; Perry v State of New York, 64 AD2d 799, lv denied 46 NY2d 710).

In addition, given the fact that the cross motion for permission to file a late claim was not made within the one-year Statute of Limitations applicable to assault claims, the late service of the notice of intention to file a claim constituted a nonwaivable defect depriving the Court of Claims of jurisdiction ab initio to render a judgment (see, Hernandez v State of New York, 144 AD2d 167; Byrne v State of New York, supra). While the actual claim was filed and served within the one-year time period set forth in CPLR 215 for intentional torts, this one-year time period was not available to claimant because he failed to first move for permission to file a late notice of claim under Court of Claims Act § 10 (6).

As a final matter, the failure to timely commence suit deprived claimant of the ameliorative tolling of the Statute of Limitations provided by CPLR 205 (a) (see, Matter of Dreger v

*New York State Thruway Auth.,* 177 AD2d 762, *affd* 81 NY2d 721). As the Court of Appeals has recently stated, "both filing with the court and service on the Attorney General must occur within the applicable limitations period" and where claimants have not satisfied the requirements of Court of Claims Act § 11 "relief under CPLR 205 (a) is not available" *(Dreger v New York State Thruway Auth.,* 81 NY2d 721, 724). Claimant's remaining contentions have been reviewed and rejected as unpersuasive.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.