■ Manzy Brown III, Appellant, v New York State Board of Parole, Respondent. [783 NYS2d 694]—

Crew III, J. Appeal from a judgment of the Court of Claims (Sise, J.), entered January 7, 2003, which granted defendant's motion to dismiss the claim.

In 1994, claimant pleaded guilty to the crimes of attempted murder in the second degree and two counts of assault in the first degree and was sentenced to concurrent terms of imprisonment. Following his third unsuccessful appearance before defendant, claimant filed a notice of intention to file a claim against the state alleging, inter alia, that defendant had relied upon incorrect information in denying claimant's bid for parole and, in so doing, committed ministerial negligence. The notice of intention indicated that the claim accrued on July 12, 2000, the date upon which claimant appeared before defendant for his parole release interview. The underlying claim then was filed and served upon the Attorney General on July 29, 2002. Defendant thereafter moved to dismiss the claim as untimely. The Court of Claims granted defendant's motion, prompting this appeal by claimant.

We affirm. Assuming that some portion of the underlying claim survives claimant's apparent release from prison, the record nonetheless makes clear that the claim indeed was untimely and, as such, was properly dismissed. Where, as here, a claimant timely files a notice of intention to file a claim, he or she then must file and serve the claim upon the Attorney General within two years of the accrual of the claim (*see* Court of Claims Act § 10 [3]). Service upon the Attorney General is not complete until the claim is received in that office (*see* Court of Claims Act § 11 [a]; *Carter v State of New York*, 284 AD2d 810 [2001]; *Mallory v State of New York*, 196 AD2d 925 [1993]). Here, the underlying claim accrued on July 12, 2000, but the Attorney General's office did not receive such claim until July 29, 2002, 17 days beyond the two-year period. To the extent that claimant now argues that the claim did not accrue until July 26, 2000, the date upon which he apparently received notice of defendant's denial of his third bid for parole, the claim still is untimely. Accordingly, the Court of Claims properly granted defendant's motion to dismiss.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.