■ MATTIE TOOKS, as Administrator of the Estate of GEORGE HOLDEN, Also Known as GREGORY TOOKS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 106164.) [836 NYS2d 379]—

Mugglin, J. Appeal from a judgment of the Court of Claims (Sise, P.J.), entered January 26, 2006, which granted defendant's motion for summary judgment dismissing the claim.

---

Claimant's son, a prison inmate, was fatally stabbed by two fellow inmates on June 18, 2000. Claimant served defendant with a notice of intention to file a claim on August 30, 2000, prior to her receipt of limited letters of administration for her son's estate on March 19, 2001. Claimant filed her claim with the Clerk of the Court of Claims on June 3, 2002, and the Clerk acknowledged filing by letter dated June 18, 2002. Claimant served defendant with the claim on June 21, 2002. The Court of Claims dismissed the claim, concluding that it lacked subject matter jurisdiction by virtue of claimant's failure to serve defendant within two years of the date of accrual of the cause of action. Claimant appeals.

While we agree with claimant that she could file a valid notice of intention to file a claim for both the wrongful death action and action for pain and suffering before her appointment as administrator of her son's estate (*see Matter of Johnson v State of New York*, 49 AD2d 136, 139 [1975]), claimant is not aided by that conclusion. Court of Claims Act § 10 (2) states, in pertinent part, that "[a] claim by an executor or administrator . . . for a wrongful act, neglect or default, on the part of the state by which the decedent's death was caused, . . . shall be filed and served upon the attorney general within two years after the death of the decedent." The same time requirement applies for a claim of conscious pain and suffering (*see* Court of Claims Act § 10 [3]). In order to properly commence an action in the Court of Claims, the claim must be filed with the Clerk of the Court and served upon the Attorney General within the times provided for filing (*see* Court of Claims Act § 11 [a] [i]). Failure to comply with either the filing or service provisions of the Court of Claims Act results in a lack of subject matter jurisdiction requiring dismissal of the claim (*see Lichtenstein v State of New York*, 93 NY2d 911, 913 [1999]; *Dreger v New York State Thruway Auth.*, 81 NY2d 721, 723-724 [1992]; *Mallory v State of New York*, 196 AD2d 925, 926 [1993]). As claimant failed to serve the Attorney General within two years of decedent's date of death, the Court of Claims correctly determined that it lacked subject matter jurisdiction requiring dismissal of the claim (*see Brown v New York State Bd. of Parole*, 11 AD3d 842, 843 [2004]; *Matter of Dreger v New York State Thruway Auth.*, 177 AD2d 762, 762-763 [1991], *affd* 81 NY2d 721 [1992]).

We are unpersuaded by claimant's argument that since filing must precede service, defendant should be equitably estopped from including the 15 days from June 3, 2002 (date of filing) to June 18, 2002 (date of the Clerk's acknowledgment) as part of the two-year period. First, claimant's major premise finds no

support in the Court of Claims Act which does not prescribe the order of filing and service, merely requiring both to occur within the requisite time period. Thus, we disagree with claimant that CPLR commencement by filing provisions are applicable. Further, the condition precedent of timely service to the Court of Claims to acquire subject matter jurisdiction is not subject to tolling (*see Campbell v City of New York*, 4 NY3d 200, 201-205 [2005]). Moreover, we find no evidence in the record before us of misfeasance or malfeasance on the part of the Clerk of the Court of Claims which would in any way mislead claimant or would excuse failure to timely serve the Attorney General with the claim (*see Rivera v State of New York*, 5 AD3d 881, 881 [2004]).

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.