KATHLEEN JOHNSON, as Administrator of the Estate of AMY JOHNSON, Deceased, Respondent, v NEW YORK STATE et al., Appellants. [897 NYS2d 748]—

Garry, J. Appeal from an order of the Court of Claims (Hard, J.), entered January 22, 2009, which denied defendants' motion to dismiss the claim.

Amy Johnson (hereinafter decedent) suffered fatal injuries in an automobile accident that occurred while she was a passenger in a vehicle traveling on the New York State Thruway on February 8, 2004. Shortly after being appointed administrator of decedent's estate, claimant served a notice of intention to file a claim on the Attorney General and defendant New York State Thruway Authority (see Court of Claims Act § 11 [a] [i], [ii]). Although claimant subsequently filed a wrongful death claim and served the Attorney General—on February 6, 2006—no such claim was served on the Thruway Authority. Consequently, in their answer, the Thruway Authority and defendant New York State asserted, among other things not relevant here, that "[t]he Court lacks jurisdiction of the defendant, the New York State Thruway Authority." In May 2008, with the Thruway Authority having yet to be served with a copy of the claim, defendants moved to dismiss the claim on the grounds that the Court of Claims lacked personal and subject matter jurisdiction over the Thruway Authority and that the statute of limitations within which to serve the Thruway Authority had expired. Concluding that defendants had waived such defenses by failing to plead them with the particularity required by Court of Claims Act § 11 (c), the Court of Claims denied the motion. This appeal ensued.

We reverse. In order to properly commence an action against it in the Court of Claims, the Thruway Authority must be timely served with a copy of the claim (see Court of Claims Act § 11 [a] [ii]; see generally Tooks v State of New York, 40 AD3d 1347, 1348 [2007], lv denied 9 NY3d 814 [2007]). Claimant's failure to serve a copy of the claim with the Thruway Authority resulted not in a failure of personal jurisdiction, but in a failure of subject matter jurisdiction, which may not be waived (see Finnerty v New York State Thruway Auth., 75 NY2d 721, 723 [1989]; Rodriguez v State of New York, 307 AD2d 657 [2003]; Suarez v State of New York, 193 AD2d 1037, 1038 [1993]). Thus, the section

relied upon by claimant does not preserve this claim (*see* Court of Claims Act § 11 [c]). Moreover, service upon the Attorney General does not qualify as service on the Thruway Authority (*see Brinkley v City Univ. of N.Y.*, 92 AD2d 805, 806 [1983]; *Bonaventure v New York State Thruway Auth.*, 108 AD2d 1002, 1003 [1985]; *Cantor v State of New York*, 43 AD2d 872, 873 [1974]; *cf. Matter of Dreger v New York State Thruway Auth.*, 177 AD2d 762, 762-763 [1991], *affd* 81 NY2d 721 [1992]). Accordingly, inasmuch as claimant has not fulfilled the literal service requirements of Court of Claims Act § 11, the claim must be dismissed based on a lack of subject matter jurisdiction (*see Tooks v State of New York*, 40 AD3d at 1348; *see generally Langner v State of New York*, 65 AD3d 780, 781 [2009]).

Peters, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and claim dismissed.