■ In the Matter of LENORE DOLCE, Individually and as Administratrix of the Estate of JOSEPH DOLCE, Deceased, Appellant, v STATE OF NEW YORK, Respondent. [58 NYS3d 133]—

In a claim to recover damages for medical malpractice and wrongful death, etc., the claimant appeals (1) from an order of the Court of Claims (Lynch, J.), dated December 15, 2014, which granted the defendant's motion pursuant to Court of Claims Act §§ 10 and 11 to dismiss so much of the claim as sought to recover damages for her decedent's conscious pain and suffering arising from medical malpractice, and (2), as limited by her brief, from so much of an order of the same court dated June 12, 2015, as denied that branch of her motion which was for leave to renew her opposition to the defendant's motion.

Ordered that the order dated December 15, 2014, is reversed, on the law, and the defendant's motion pursuant to Court of Claims Act §§ 10 and 11 to dismiss so much of the claim as sought to recover damages for the decedent's conscious pain and suffering arising from medical malpractice is denied; and it is further,

Ordered that the appeal from the order dated June 12, 2015, is dismissed as academic in light of our determination on the appeal from the order dated December 15, 2014; and it is further,

Ordered that one bill of costs is awarded to the claimant.

The claimant's husband (hereinafter the decedent) was treated at Stony Brook University Hospital (hereinafter Stony Brook) from February 13, 2005, through March 3, 2005. The decedent was later treated at Mount Sinai Hospital from March 18, 2006, until his death on October 30, 2006. On April 19, 2006, the claimant, "as Proposed Guardian for" the decedent, filed a notice of intention to file a claim against the defendant State of New York to recover damages for medical malpractice that allegedly occurred while the decedent was treated at Stony Brook (hereinafter the notice of intention). On January 3, 2008, the claimant was granted letters of administration for the decedent's estate. On January 11, 2008, the claimant filed a claim against the defendant to recover damages for medical malpractice, wrongful death, and loss of services.

The Court of Claims should have denied the defendant's mo-

tion pursuant to Court of Claims Act §§ 10 and 11 to dismiss so much of the claim as sought to recover damages for the decedent's conscious pain and suffering arising from medical malpractice. Contrary to the defendant's contention and the court's conclusion, the notice of intention filed by the claimant on April 19, 2006, was not invalid on the ground that the claimant lacked the authority to file it on behalf of the decedent, as the notice may be given by "any interested person" (*DeFilippis v State of New York*, 157 AD2d 826, 827-828 [1990]; *see Tooks v State of New York*, 40 AD3d 1347, 1348 [2007]; *Matter of Johnson v State of New York*, 49 AD2d 136, 137-139 [1975]). The Court of Appeals' decision in *Lichtenstein v State of New York* (93 NY2d 911 [1999]) does not compel a different result, as that case involved the filing of a claim itself, as opposed to a notice of intention to file a claim.

In light of our determination, the claimant's remaining contention is academic. Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.