**Estate of Czajkowski v City of New York**

2025 NY Slip Op 30156(U)

January 9, 2025

Supreme Court, Kings County

Docket Number: Index No. 512419/2022

Judge: Richard J. Montelione

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

KINGS COUNTY CLERK
FILED

2025 JAN 15 A 9: 49

At IAS Part 99 of the Supreme Court
of the State of New York, held in and
for the County of Kings, at the
Courthouse located at 360 Adams
Street, Brooklyn, NY 11201, on the
9th day of January 2025.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 99

-----------------------------------------------------------------------X

The Estate of Tadeusz W. Czajkowski, Joanna Szledinska,
Emilia Czajkowska and Arkadiusz Bojko, individually and as
distributees of the Estate of Tadeusz W. Czajkowski, and Romuald
Magda, as Administrator of the Estate of Tadeusz W. Czajkowski,

Plaintiffs,

-against-

The City of New York, the New York City Transit Authority and
David Concepcion,

Defendants.

-----------------------------------------------------------------------X

**DECISION AND
ORDER**

Index No.: 512419/2022
Motion Date: 1/8/2025
Motion Cal. No.: 65
Mot. Seq. 1

After oral argument, the following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | NYSCEF DOC. # |
|---|---|
|  |  |
| Notice of Motion/Order to Show Cause/Affidavits/Affirmations/Exhibits................... | 12-22 |
| Answering Affirmations/Affidavits/Exhibits................................................ | 27-43 |
| Reply Affirmations/Affidavits/Exhibits.................................................... | 44 |
| Other............................................................................... |  |

MONTELIONE, RICHARD J., J.

This action was commenced by filing the summons and complaint on April 28, 2022, alleging personal injuries because of a motor vehicle accident on April 28, 2020, involving the plaintiff bicyclist who tragically died the same day because of his injuries. Prior to commencement of the action, on or about January 8, 2021, a Notice of Claim pursuant to Gen. Mun. Law 50(e) was served upon defendants City of New York and defendant NYCTA on behalf of "The Estate of Tadeusz Czajkowski." Issue was joined by defendants New York City Transit Authority and David Concepcion, its bus driver, by service and filing of an answer on June 3, 2022.

Defendants New York City Transit Authority ("NYCTA") and David Concepcion ("Concepcion") now move to dismiss the complaint pursuant to CPLR §§ 3211(a)(1) and 3211(a)(2) for lack of subject matter jurisdiction, and pursuant to CPLR §§ 3211(a)(1) and (7) for failure to state a cause of action alleging that the Notice of Claim is fatally defective because it was filed only by the "Estate of Tadeusz" without the prior appointment of an administrator or

[* 1]

1 of 4

*Estate of Tadeusz W. Czajkowski, et. al. v The City of New York, et. al.*, Index No. 512419/2022

representative of the Estate and therefore there was no legal capacity to file the notice of claim or commence the action. The court notes there is no "proposed administrator" listed on the Notice of Claim and no way of ascertaining the potential interest of the individual who triggered the filing of the Notice of Claim.

The NYCTA served Notices to Appear for a Statutory Hearing dated January 21, 2021; June 1, 2021; July 22, 2021; November 9, 2021; and January 27, 2022. By letter dated February 5, 2021, the attorney identified on the Notice of Claim requested an adjournment of the 50-h hearing because an administrator had not yet been appointed to the estate. A petition for Letters of Administration was filed on August 24, 2021. By decision and decree, both dated August 8, 2022, the Hon. Carol R. Edmead of Kings County Surrogate Court issued Letter of Administration to Romuald Magda.

Moving defendants argue that under Gen Mun. Law 50-e(1)(a), claims sounding in tort against the Transit defendant and its employee must be specified in a Notice of Claim to be filed within 90 days after the claim arises, "except that in wrongful death actions, the ninety days shall run from the appointment of a representative of the decedent's estate" and no Notice of Claim was filed after Letters of Administration were obtained. Public Authorities Law §§ 1212(2), 1276(2). Moreover, none of the plaintiffs previously appeared for a statutory hearing and the action is premature citing *Knotts v. City of New York*, 6 AD3d 664, 665 [2d Dept. 2004].

Moving defendants also argue that at the time the action was commenced, April 28, 2022, there was no legal authority to do so because Letters of Administration were not issued until August 8, 2022. However, the court finds the moving defendants failed to make a pre-answer motion to dismiss on this ground or raise the issue of lack of legal capacity as an affirmative defense in their answer and therefore waived this affirmative defense. *See Complete Mgt., Inc. v Rubenstein*, 74 AD3d 722, 903 NYS2d 439, 2010 NY Slip Op 04726, 2010 WL 2200929 [2d Dept 2010]. Although the Notice of Claim was filed by the "Estate of Tadeusz W. Czajkowski," this is not the equivalent of the commencement of the action as it involves "notice" to the public entity to investigate the facts surrounding the accident. The Court in *Aristide v City of New York*, 129 Misc 2d 483, 485-86, 493 NYS2d 247 [Sup Ct 1985] considered whether a notice of claim filed by someone other than an administrator is valid:

> …the controversy at bar really resolves itself into only one issue, that is, whether the notice of claim requirement, set forth in General Municipal Law § 50-e, is satisfied if the notice is filed by one who has not yet received letters of administration. Concededly, plaintiff…filed a notice of claim at a time when she lacked letters of administration (footnote omitted).

The court in *Aristide v City of New York*, cited *Scholl v Town of Babylon* (95 AD2d 475, 483 [2nd Dept. 1983]) which validated the Notice of Claim notwithstanding that it was filed by someone who was not yet appointed an administrator. Although the Appellate Court in *Scholl* found that the notice of claim was not necessary given the particular facts in a case that involved maritime issues, in *dicta*, it opined that if the issue was considered "we would hold that plaintiff should be allowed leave to file a corrected notice of claim pursuant to subdivision 6 of section 50-e of the General Municipal Law (*see Collins v City of New York*, 55 NY2d 646; *Winbush v*

[* 2]

*Estate of Tadeusz W. Czajkowski, et. al. v The City of New York, et. al.*, Index No. 512419/2022

*City of Mount Vernon*, 306 NY 327).” *See also* 21A Carmody-Wait 2d § 130:63; *cf. Tooks v State*, 40 AD3d 1347, 836 NYS2d 379, 2007 NY Slip Op 04392, 2007 WL 1500047 [3d Dept 2007], where Notice of Intention filed before commencement of an action in Court of Claims can be filed by individual before appointment as administrator of an estate. *See also Wikoff v Hirschel*, 258 NY 28, 31, 179 NE 249 [1932], “…without legal capacity to sue, an objection deemed to have been waived unless seasonably urged;” and *Winbush v City of Mount Vernon*, 306 NY 327, 334, 118 NE2d 459 [1954]:

> While no one except an administrator or executor may bring a death action, there is no reason, in statute or in reason, why a person, who is one of the next of kin to be benefited by a death action, may not file a notice of claim, which is not a pleading in a lawsuit, but merely a notice of injury and intention to make claim therefor. Quite pertinent here, although not completely in point, is *Matter of Figueroa v. City of New York* (279 App. Div. 771, 2d dept., *supra*) which was cited with approval by this court in *Teresta v. City of New York (supra*, p. 443).

The only cases this court has found where a Notice of Claim was validated when there was no legal capacity was when the Notice of Claim contained the name of a proposed administrator. *See and cf. Tooks v State, supra.* Here, there is neither a proposed administrator indicated in the Notice of Claim nor any indication of the individual who requested the filing of the Notice of Claim, or any indication of any interest he or she may have in the estate. Moreover, there is no Amended Notice of Claim filed within 90 days of the appointment of the Administrator (PAL §§ 1212(2) and 1276[2]). Assuming *arguendo* that the Notice of Claim was valid, the defendant NYCTA served Notices to Appear for a statutory hearing dated January 21, 2021; June 1, 2021; July 22, 2021; November 9, 2021; and January 27, 2022, but the hearings were adjourned at the request of the plaintiffs' counsel because an administrator had not yet been appointed. After the court appointed an Administrator on August 8, 2022, the action was commenced before the defendant NYCTA was given the opportunity of conducting a statutory hearing, which it had an absolute right to do, pursuant to PAL §§ 1212(5) and 1276(4). The plaintiffs cannot have it both ways-asserting that the Notice of Claim was sufficient but then fail to produce any witness for the statutory hearing or, after obtaining Letters of Administration, failing to file a Notice of Claim or Amended Notice of Claim. There is no question of fact that plaintiffs Joanna Szledinska, Emilia Czajkowska and Arkadiusz Bojko, failed to serve and file any Notice of Claim.

The court is constrained by the particular facts in this matter and must dismiss the claims under GML § 50-e, PAL §§ 1212(5) and 1276(4), because the Administrator of the Estate (or anyone else with an interest in the estate) never appeared for a statutory hearing, as directed pursuant to notices served by the defendant NYCTA, prior to the commencement of the action. Further, the court must dismiss as to the individual plaintiffs because none of these defendants filed a Notice of Claim as required GML § 50-e (2).

Based on the foregoing, it is

ORDERED, that the defendants New York City Transit Authority and David

*Estate of Tadeusz W. Czajkowski, et. al. v The City of New York, et. al.*, Index No. 512419/2022

Concepcion's motion to dismiss the complaint is GRANTED and the action is DISMISSED as to all defendants; and it is further

ORDERED, that any other request for relief has been considered and is DENIED.

This constitutes the decision and order of the Court.

Hon. Richard J. Montelione

KINGS COUNTY CLERK
FILED
2025 JAN 15 A 9: 49

[* 4]