Nivison v State of New York (2025 NY Slip Op 52178(U))

[*1]

Nivison v State of New York

2025 NY Slip Op 52178(U)

Decided on December 17, 2025

Court Of Claims

Perer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through February 19, 2026; it will not be published in the printed Official Reports.

Decided on December 17, 2025
Court of Claims

Julie Nivison, as Administrator of the 
 Estate of MATTHEW NULL, Deceased, Claimant, 
againstThe State of New York AND NEW YORK STATE THRUWAY AUTHORITY,[FN1] Defendants.

Claim No. 144660

For Claimant:LIPSITZ GREEN SCIME CAMBRIA LLPBy: Ryan C. Johnsen, Esq.For Defendants:LETITIA JAMES, New York State Attorney GeneralBy: Yvette Velasco, Esq., Assistant Attorney General

Abby R. Perer, J.

The State of New York ("State") and the New York State Thruway Authority ("Thruway Authority")
(collectively, "Defendants") make this pre-answer motion to dismiss the Claim pursuant to CPLR 3211 (a) (3) and Court of Claims Act § 10 (2), alleging that Claimant did not have legal standing to commence the Claim, and that it is untimely (see Affirmation of AAG Yvette Velasco, dated November 4, 2025 ["Velasco Affirm"], p. 3-7). Defendants also seek to amend the caption to remove the New York State Department of Transportation, an agency of the State of New York that was unnecessarily named as a separate defendant (see Velasco [*2]Affirm, ¶ 4). In response, Claimant argues that she properly and timely served her notice of intention to file a claim ("NI") as the future or prospective administrator of the estate of the decedent, Matthew Null, and that the Claim was thereafter properly and timely filed and served within two years of the accrual of the claim and after her formal appointment as the administrator of Mr. Null's estate (see Affirmation of Ryan C. Johnsen, Esq., dated December 1, 2025 ["Johnsen Affirm"], p. 2-6). For the reasons set forth below, Defendants' motion is denied, except to the extent that the caption shall be amended to reflect the State and the Thruway Authority as the only proper Defendants.
 Background of the ClaimThis case arises out of a motorcycle accident that occurred on October 1, 2023 in the Town of Fenner in Madison County (see Claim No. 144660 ["Claim"], Ex. A [Police Accident Report]). At the time of the accident, Claimant's decedent, Matthew Null, was traveling northbound on State Route 13 when he lost control of his motorcycle and struck a guide rail (see id.). Mr. Null passed away on October 19, 2023 (see id.).
Claimant served the NI on Defendants on December 28, 2023, less than 90 days after the accident (see Velasco Affirm, Ex. A; Johnsen Affirm, Ex. 3). Claimant signed and verified the NI as the "future Administrator of the Estate of Matthew Null" (Velasco Affirm, Ex. A). The NI provided notice to Defendants of both a personal injury cause of action and a wrongful death cause of action (see id.). On January 16, 2024, Claimant was appointed as the administrator of Mr. Null's estate (see Claim, ¶ 3). Claimant did not serve any additional NI on Defendants after she was appointed as administrator. 
The Claim in this matter was filed on September 24, 2025, and served on September 26, 2025 (see Claim; Velasco Affirm, Ex. B; Johnsen Affirm, Ex. 5). On November 4, 2025, Defendants filed this motion to dismiss in lieu of an Answer. 

Legal Standard and Analysis
Pursuant to Court of Claims Act § 10 (3), an action to recover damages for personal injuries caused by the negligent conduct of the State must be filed and served within 90 days of the accrual of the claim, unless a notice of intention to file a claim is served instead, which extends the time for filing the claim to within two years of the accident. Court of Claims Act § 10 (2) provides that a claim asserting a cause of action for wrongful death must be filed and served within 90 days of the appointment of the executor or administrator of the estate, unless a notice of intention to file a claim is served upon the Attorney General, which extends the time for filing the claim to within two years of the decedent's death.[FN2]
A claimant may serve a notice of intention for a wrongful death claim at any time from the date of death, until, at the latest, 90 days after the claimant's appointment as the estate administrator. There is "no statutory basis" for limiting a claimant's time to serve the notice of intention in a wrongful death matter to the 90-day window after an administrator is formally appointed (Matter of Johnson v State of New York, 49 AD2d 136, 138 [3d Dept 1975] ["Some claimants . . . do not await a formal appointment as legal representative but act in anticipation of it . . . We can discern no legislative intent to hamper those who act with dispatch such as will be better calculated to bring about a more rapid [*3]determination on the merits."]).
Defendants argue that the Claim is untimely because the NI served by Claimant on December 28, 2023 was a nullity, as Claimant had not yet been appointed as the administrator of Mr. Null's estate and had no legal standing to sign and serve the NI (see Velasco Affirm, p. 3-7).[FN3]
Thus, Defendants argue that the NI did not extend the time to file and serve the Claim, and that the Claim was untimely because it was filed and served more than 90 days after the appointment of the Administrator (see id.). Defendants further appear to argue that the Claim should be dismissed because it was commenced by a proposed Administrator and not by a formally appointed Administrator (see id. ¶¶ 18-20, 28). 
Claimant argues that a notice of intention to file a claim in a wrongful death matter may be served on the Defendants by a prospective administrator or executor prior to a formal appointment, and that it is only the Claim that must be filed and served by an authorized legal representative (see Johnsen Affirm, p. 3-6). Claimant further argues that the Court of Claims Act contains no requirement that an administrator or executor be appointed prior to service of a notice of intention, and that the legislative intent of the Court of Claims Act was not to punish those putative claimants who serve a notice of intention prior to being formally appointed as an administrator or executor (see id., ¶ 20). Claimant argues that her NI, served prior to her appointment as the administrator of Mr. Null's estate was, therefore, timely, along with her Claim which was filed and served within two years of the date of the underlying accident and Mr. Null's death (see id., ¶¶ 26-27).
Contrary to Defendants' arguments, a notice of intention — unlike a claim — may be served by " 'any interested person,' " and need not be served by a formal legal representative (Matter of Dolce v State of New York, 152 AD3d 515, 516 [2d Dept 2017], quoting DeFilippis v State of New York, 157 AD2d 826, 827-828 [2d Dept 1990]; see Tooks v State of New York, 40 AD3d 1347, 1348 [3d Dept 2007]; Horeth v State of New York, 15 Misc 3d 1129[A], 2007 NY Slip Op 50911[U], *2-3 [Ct Cl 2007]). This principle applies equally to potential personal injury claims as it does to potential wrongful death claims (see Tooks, 40 AD3d at 1348; Johnson, 49 AD2d at 139; Horeth, 2007 NY Slip Op 50911[U], *2). Court of Claims Act § 10 only requires that any claim that is ultimately filed with the Court be commenced by a "claimant with the status of authorized legal representative," such as a formally appointed administrator (Johnson, 49 AD2d at 139 ["While it has often been stated that section 10 (of the Court of Claims Act) must be strictly construed, there is no warrant for going beyond a strict construction and reading into the statute any additional requirements."]; see Liechtenstein v State of New York, 93 NY2d 911, 913 [1999]).
Accordingly, the NI signed and verified by Claimant as an interested person, namely, the "future Administrator" of Mr. Null's estate, and served within 90 days of the accident, was [*4]timely and properly served, and it successfully extended the period of time for filing the Claim (see Velasco Affirm, Ex. A; Johnsen Affirm, Ex. 5). The Claim, which was filed and served within two years of the accrual of both the personal injury and wrongful death claims, is also timely (see Claim; Velasco Affirm, Ex. B; Johnsen Affirm, Ex. 5). In addition, the Claim was commenced by Claimant after her formal appointment as the Administrator of Mr. Null's estate, and, thus, she had the requisite legal standing to file the Claim (see Johnson, 49 AD2d at 139). For these reasons, Defendants' motion to dismiss the Claim will be denied in all material respects.
Defendants' request to amend the caption will be granted. Defendants correctly assert that the New York State Department of Transportation, an agency of the State of New York, must be sued in the Court of Claims as the State of New York, and not as a separate and distinct entity. Thus, the Court has amended the caption to reflect the State of New York and the New York State Thruway Authority as the only proper defendants (see e.g. Romano v State of New York, UID No. 2009-042-519, Claim No. 111809 [Ct Cl, Siegel, J., Nov. 2, 2009]).

 Conclusion
Accordingly, it is
ORDERED that Defendants' motion to dismiss (M-103109) Claim No. 144660 is hereby DENIED; and it is further
ORDERED that the caption of Claim No. 144660 shall be amended to reflect the State of New York and the New York State Thruway Authority as the only proper Defendants; and it is further
ORDERED that Defendants shall file and serve their Answer(s) to the Claim within forty-five (45) days of the filing of this Decision and Order.
December 17, 2025Syracuse, New YorkABBY R. PERERJudge of the Court of Claims
Papers Considered:1. Claim No. 144660, filed with the Clerk of the Court on September 24, 2025.2. Defendant's Pre-Answer Notice of Motion to Dismiss, dated November 4, 2025.3. Affirmation in Support of Motion to Dismiss of Yvette Velasco, Esq., dated November 4, 2025, with attached Exhibits A-C.4. Affirmation in Opposition to Motion to Dismiss of Ryan C. Johnsen, dated December 1, 2025.

Footnotes

Footnote 1:Pursuant to this Decision and Order, the Court amends the caption to reflect the State of New York and the New York State Thruway Authority as the only proper defendants in this matter.

Footnote 2:Additionally, where the Thruway Authority is a defendant or potential defendant, Court of Claims Act § 11 (a) (ii) requires that a copy of any notice of intention or claim be served upon the Thruway Authority.

Footnote 3:The Court of Claims Act no longer requires that notices of intention be filed with the Court; they need only be served upon the Attorney General (and, as applicable in this case, the Thruway Authority) (see Walek v State of New York, UID No. 2014-045-007, Motion No. M-84442 [Ct Cl, Lopez-Summa, J., Mar. 4, 2014]; Fluellen v State of New York, UID No. 2012-009-011, Motion No. M-81435 [Ct Cl, Midey, J., June 7, 2012]). Here, Claimant properly served the Attorney General and the Thruway Authority with her NI; it was not filed with the Court (see Johnsen Affirm, Ex. 3).